BAIRD *v.* UNITED STATES.

1. A. presented an unliquidated claim against the United States for $151,588.17, which was audited by the accounting officers, and allowed for $97,507.75. He was informed of this adjustment, and of the principles upon which it had been made; and a draft for the amount allowed, payable to his order, was sent to him, which he received and collected without objection. *Held,* that his receipt of the money was equivalent to an acceptance of it in satisfaction of the claim.

2. Where a party brings an action for a part only of an entire indivisible demand; and recovers judgment, he is estopped from subsequently bringing an action for another part of the same demand.

APPEAL from the Court of Claims.

In March, 1864, the government, requiring an immediate supply of locomotive engines for the use of the armies operating in Tennessee, made an order upon M. W. Baldwin & Co., a firm of locomotive builders at Philadelphia, for fifteen engines, to be delivered as soon as possible, and to the exclusion of all other contracts or interests. The price fixed upon was $18,947.72 for each engine, and the government tax to be paid on delivery. In addition to this, the firm was authorized to charge the government any advance there might be after Nov. 9, 1863, in the cost of labor and materials used in the construction, and any damage resulting from the preference given this order over other contracts.

The order was accepted upon the terms proposed, and the locomotives delivered at intervals of four or five days, between May 3 and June 30, 1864. The fixed price was paid according to agreement; and, Sept. 14, 1864, Baldwin & Co. presented their claim for the difference in the cost on account of the advance in the price of labor and materials, which was then stated to be $151,588.17. This claim was audited by the government, and allowed for $97,507.75; and the firm was informed of the amount of the allowance, and the principles upon which the adjustment had been made, as early as Jan. 23, 1865. On the 8th of April, a draft was sent for the amount found due, payable to the order of the firm; which was received and collected without objection.

Subsequently, this appellant, as the sole surviving partner of

the firm, brought his action in the Court of Claims, upon the contract, to recover the damages which it was alleged the firm had sustained by giving the order preference over other contracts and interests; and at the December Term, 1869, of that court, judgment was rendered against the United States for $23,750.

On the 2d of May, 1870, one day before the expiration of six years from the date of the delivery of the first engine under the order, this action was brought to recover the "residue of the amount of the advance in labor and materials over the cost of the same on the 9th of November, 1863; which residue is the difference between the $128,276.50 claimed and the government tax thereon ($3,848.29), in all, $132,124.79, and the $93,507.75 paid, making the residue $38,617.04." The Court of Claims, while finding that the actual advance over and above what had been paid was the amount claimed, gave judgment in favor of the United States; whereupon the claimant appealed to this court.

*Mr. John D. McPherson* for the appellant.

*The Solicitor-General, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It is, no doubt, true that the payment by a debtor of a part of his liquidated debt is not a satisfaction of the whole, unless made and accepted upon some new consideration; but it is equally true, that, where the debt is unliquidated and the amount is uncertain, this rule does not apply. In such cases the question is, whether the payment was in fact made and accepted in satisfaction.

It is clear that, in September, 1864, when this account was first presented to the government, the amount due was uncertain, because more was then demanded than is now claimed. The counsel for the appellant say, in their argument, that this reduction has been made in the light of the testimony taken in the suit for indemnity. Under such circumstances, it was the duty of the auditing officers of the government to state the account themselves before making payment. This they did, and reported to the claimant the amount found due, with the

principles upon which the adjustment had been made. In effect, this was an offer to pay the balance stated in satisfaction of the claim. The acceptance of the money afterwards, without objection, was equivalent to an acceptance of the payment in satisfaction.

But there is another objection to the recovery which is equally good. It is well settled that, where a party brings an action for a part only of an entire indivisible demand, and recovers judgment, he cannot subsequently maintain an action for another part of the same demand. *Warren* v. *Comings*, 6 Cush. (Mass.) 103. Thus, if there are several sums due under one contract, and a suit is brought for a part only, a judgment in that suit will be a bar to another action for the recovery of the residue. Here was a contract by which the government was bound to pay for the engines in accordance with terms agreed upon. The entire price to be paid was not fixed. A part was contingent, and the amount made to depend upon a variety of circumstances. When the former action was commenced in the Court of Claims, the whole was due. Although different elements entered into the account, they all depended upon and were embraced in one contract. The judgment, therefore, for the part then sued upon is a bar to this action for the "residue."

*Judgment affirmed.*