DkAKE, Oh. J.,
delivered the opinion of the court:
The only substantial difference between this case and that of Alexander Swift & Oo., just decided, is that the contracts involved in this case do not contain a provision expressly author- *246 iziug tbe defendants to make alterations and additions to the plans and specifications of the vessels, as the contract in that case did. In our view of the law, though this is a substantial, it is not a material difference.
The claimants agreed to construct for the defendants two iron-clad batteries, each to be finished within six months-after the date of the contract for its construction. Neither was completed until long after the expiration of the contract time. The court finds that the largest part of the delay was caused by the alterations made from time to time in the plans, specifications, and drawings for the vessels by the defendants’ officers; but it is also found that the claimants never objected to, nor complained of, the delay so caused, but that the stipulations of the contracts as to the time of completion were by both parties tacitly disregarded and laid aside.
As the work progressed on the vessels the claimants received the payments stipulated for in the contracts, and receipted therefor in full; and when the vessels were completed, they received and receipted in full for the final contract payment, without protest or objection.
Thereafter they instituted this suit to recover damages claimed to have been sustained by them through the delays caused by the defendants’ alterations in the plans, specifications, and drawings of the vessels; which damages they allege resulted from a great rise in the prices of materials and labor during the period of the delay, largely increasing the cost to them of constructing the vessels.
In passing upon this claim, we need not discuss the point whether increased cost resulting from rise in prices would be á legal grouud for the recovery of damages under the circumstances of this case, for the claimants have by their own acts barred their right to recover on that ground. Whatever claim of that kind they had was a part of their whole claim on account of the contract work, and should have been asserted before they received and finally receipted hi full for the whole contract price, without a word of demand for more on the score of the rise in prices. They could not settle and receive the contract price and then set up a separate claim for damages. This point was, as we conceive, settled, in effect, by the Supreme Court of the United States in Baird v. United States (96 U. S., 430), where it was held that a recovery of judgment in this *247 court for a part of what was due uuder a contract at the time the suit was brought in which the judgment was recovered, was a bar to a subsequent suit for the residue. The principle there laid down is equally applicable to this case, where the claimants, at the time when their whole claim was due, received the stipulated payments, and receipted therefor in full, without even a hint that they considered themselves justly entitled to more. Such acts clearly prove an accord and satisfaction. (Francis v. United Stated, 96 U. S., 354.)
If the claimants cannot recover on account of the contract work on the vessels, much less can they recover on account of the extra work resulting from alterations; for they were paid for that the prices they consented to after the work was done, and receipted therefor in full; and it is expressly found that the increased expense of that work growing out of the rise in prices was included in the prices they so consented to and received without demur.
The judgment of the court is that the report of the commissioners be not confirmed; that the findings of facts now filed stand in lieu of such report; and that the claimant’s petition. be dismissed.