Drake, Ch. J.,
delivered the opinion of the court:
The claimant entered into a contract with the defendants to furnish all the material, outfit, implements, tools, appliances, and labor required for the erection of a stone pier foundation of a light-house on Cross Ledge Shoal, Delaware Bay; and to erect and deliver the same to the United States, fully completed, and conforming in every particular to the stipulations and conditions specified in the contract, and to the specifications and drawings thereto annexed. In those specifications the government' reserved the right to designate the depth of water in which the structure should stand; as upon that would depend the quantity of broten stone and riprap required.
When the contract was entered into, there had been indicated on a map of the Shoal which the engineer of the light-house district had caused to be made, the location of the proposed light-house; but there was no mark made on the Shoal itself to-indicate the exact spot for the light-house, until after the contract was signed.
The claimant rests his claim for damages upon the allegation that the officers of the government did not seasonably locate the site of the light-house, but unreasonably neglected and delayed to designate the saíne; by reason of which delay the claimant avers that he was subjected to great expense and loss.
The facts as found by the court do not sustain this claim.
True, the contract was signed on the 8th of September, 1874, and it was not until the 20th of October following that the government officers caused a pile to be driven into the Shoal to mark the site of the light-house; but it is not found that the claimant was ready before or on that day to proceed with *275 work under the contract. On the contrary, it is found that though, before the 20th of October, one or more schooners of the claimant had arrived from the State of Maine with stone for the work, yet they could not be unloaded without the help of two working sloops, which were intended to lie alongside of the schooners, next to the site of the light-house, and by steam machinery hoist the stone out of the schooners, and over the decks of the sloops, and drop it upon the site. Those working sloops did not arrive in Delaware Bay till the night of October 24. There was, therefore, no point of time before the 25th of that month that the claimant was in a situation to begin the work he had undertaken to do.
On the second day after the arrival of the sloops in Delaware Bay they were towed to the Shoal; and the claimant and certain officers of the government went with them to the site of the light-house designated by the pile, where they found only 6 feet of water. The claimant then requested that the site might be located in deeper water, and the officers changed it to a spot where the depth was 9 feet; and there the sloops were unloaded of the stone they contained; and the cargoes of the schooners were all afterwards unloaded there with the aid of the sloops.
In our opinion, these facts do not show any unreasonable or even unnecessary delay on the part of the government officers in fixing the site of the light-house.
But had there been any such delay, the claimant could not demand damages therefor, since he made no complaint at the time; nor did he make any demand or request for a speedier location of the site; nor did he express any objection to the location, except that which had reference to the depth of the water; and that objection was promptly yielded to by the government officers by the selection of another site. On the contrary, he went straight on with the contract work, and, as it turned out, furnished four times the quantity of stone originally estimated for; and was paid the contract price for all that he furnished; and so the transaction was closed, without objection or question on his part.
As was held by this court in Svnft and the Niles Works Case (14 C. Cls. R., 235), whatever claim a contractor may have for damages on account of delays in the performance of the contract, caused by the acts of the other party, is a part of the *276 contractor’s whole claim on account of the contract work, and should be asserted before he receives and finally receipts in full for the whole contract price. He cannot settle and receive the contract price and then set up a separate claim for damages.
And in Francis v. The United States (96 U. S. R., 254) the Supreme Court of the United States held that such acts oh the part of the contractor are sufficient to prove an accord and satisfaction.
In the light of these rulings there is no ground for this action, and the petition is therefore dismissed.