## BARTELS and others *v.* SCHELL.

### *(Circuit Court, S. D. New York.* April 4, 1883.)

1. **RECOVERY OF ILLEGAL DUTIES—" FRAIS JUSQU'A BORD."**

    In this case the plaintiff is not entitled to recover the duty levied on the charges *frais jusqu' a bord.*

    *Bartels* v. *Redfield, ante,* 336, followed.

2. **SAME—ISSUE OF NON-ASSUMPSIT—EVIDENCE OF FORMER JUDGMENT.**

    Under the rule of pleading which obtained when the issue was joined in this action, it was competent for defendant, upon the issue of *non-assumpsit,* to give in evidence the record of a former judgment between the parties on the same cause of action.

3. **ACTION FOR PART OF ENTIRE DEMAND—JUDGMENT A BAR.**

    When a party brings an action for a part only of an entire, indivisible demand and recovers judgment, he is estopped from subsequently bringing another action for another part of the same demand.

4. **FORMER JUDGMENT—HOW FAR AN ESTOPPEL.**

    The doctrine of the federal courts is that the estoppel of a former judgment extends only to the matters in dispute, or points of controversy upon the determination of which the finding or verdict was liquidated; not as to all matters which might have been but were not liquidated. It does extend, however, to all matters which might have been liquidated, so far as to bar a second recovery upon the same cause of action.

This suit was brought against the defendant, November, 1863, to recover the same kind of duties paid to him as collector of customs, and under the same kind of a protest, as that of *Bartels* v. *Redfield, ante,* 336. The plaintiffs' declaration was a common-law declaration, and alleged indebtedness as existing at the date of the commencement of the suit. The defendant's plea was *non-assumpsit.* No verdict was ever rendered therein, but an order was made therein in 1876, referring the suit to a referee to determine and adjust, in accordance with rules and decisions of the court in similar cases, so far as the same should be found applicable, the claims of the plaintiffs for excess of such duties found to have been illegally exacted from plaintiffs, and providing for the raising of objections and exceptions,

etc., and bringing the same, together with the referee's report, before the court for review. In September, 1860, and prior to the commencement of this suit, the plaintiffs brought a suit against the defendant to recover duties exacted by him as collector. The plaintiffs' declaration in that suit alleged indebtedness as existing at the date of the commencement of that suit. The defendant's plea was *non-assumpsit.* October, 1863, the plaintiffs recovered in that suit, and December, 1864, on payment thereof, satisfied, a judgment for a part of the excessive duties paid on some of the entries upon which the plaintiffs sought to recover further alleged excessive duties in this suit. In October, 1882, the defendant applied for leave to amend his plea in the present suit, by setting up therein this judgment and the satisfaction thereof in the former suit as a bar to all recovery prior to September, 1860, in the present suit. This application the court denied, but ordered the referee to allow to the defendant all payments or refunds, if any, which might have been made to the plaintiffs either voluntarily or in prior suit, on account of such excessive duties. Subsequently, on the hearing before the referee, the defendant offered in evidence the pleadings, the bill of particulars, the judgment roll, and the satisfaction piece of judgment in the former suit as a defense to the plaintiffs' entire claim for alleged excessive duties paid prior to September, 1860, the date of the commencement of such former suit. The referee, however, under plaintiffs' objection, refused to receive the same except for the purpose of showing what credit the defendant was entitled to. Further, the defendants insisted that under their protests the plaintiffs were not entitled to recover duty paid on "*frais jusqu'a bord,*" but the referee found that such duties were recoverable. Afterwards, on exceptions duly raised, the competency of this offer and the report of the referee were passed upon by the court with the result stated below.

*A. W. Griswold,* for plaintiffs.

*Elihu Root,* U. S. Atty., *E. M. Morse,* and *Thos. Greenwood,* for defendant.

WALLACE, J. The order of reference in this case directs the referee to proceed to determine the claims of the plaintiffs in accordance with the rules and decisions of this court in similar cases, so far as the same may be found applicable, for excess of duties upon such charges and commissions as may be found to have been illegally exacted from plaintiffs and paid under protest.

This order leaves all the issues presented by the pleadings open to the decision of the referee. It was competent, therefore, for him to

determine whether the plaintiffs have any cause of action arising from the payment of duties exacted by the defendant. The subsequent order modifying the original order was not intended to deprive the defendant of any rights which existed in his favor to make any defense open to him under the original order of reference. In view of the antecedent proceedings in the case, it is not surprising that the referee should have misconstrued the meaning of this order and interpreted it in a way its language does not require.

The plaintiffs are not entitled to recover the duty levied on the charges "*frais jusqu'a bord*," for the reasons stated in the opinion in *Bartels* v. *Redfield, ante,* 336. The protests in this case are not sufficiently explicit to authorize the claim for such duties to be allowed.

Under the rules of pleading which obtained when issue was joined in this action, it was competent for the defendant, upon the issue of *non-assumpsit,* to give in evidence the record of a former judgment between the parties on the same cause of action. *Young* v. *Black,* 7 Cranch, 565. As the former judgment was for the plaintiffs, it extinguished the demand upon which it was recovered.

It appears by the record of the former action, and by the bill of particulars therein of the plaintiffs' demand, that many of the demands litigated in the present suit were litigated in the former suit. In the former suit plaintiffs sought to recover payments made for duties on a large number of importations from January 2, 1857, to April 22, 1861.

The duties liquidated upon each entry, when paid by plaintiffs, were wrongfully exacted to the extent that they were not authorized by law, and thereupon a cause of action arose to the plaintiffs for the recovery of the whole sum illegally exacted. They had the right to bring a separate suit for each distinct cause of action. The liquidation upon each entry was the foundation of a single and entire cause of action. The right of action for payment of duties liquidated upon different entries is, however, several and distinct for each entry. The distinction between demands or rights of action which are single and entire, and those which are several and distinct, is that the former immediately arise out of one and the same act, and the latter out of different acts. *Secor* v. *Sturgis,* 16 N. Y. 548. But the plaintiffs could not split up each exaction of duties so as to make several actions or causes of action for the several items included in one liquidation. When a party brings an action for a part only of an entire indivisible demand and recovers judgment, he is estopped from sub-

sequently bringing another action for another part of the same demand. *Baird* v. *U. S.* 96 U. S. 430.

In the present suit it sufficiently appears that many of the entries upon which duties were exacted, and are now sought to be recovered, are the same upon which the plaintiffs recovered in the former suit a portion of the duties liquidated. They have had their day in court as to each cause of action founded on each entry, and cannot litigate it again. It was error to exclude the record of the former judgment. That judgment, however, will not bar a recovery for distinct and several causes of action which were not litigated. If it appears that no part of the duties liquidated upon a particular entry of the plaintiffs' importations were sought to be recovered in that suit, the former judgment is not an estoppel. The doctrine of the federal courts is that the estoppel extends only to the matter in issue or points in controversy, upon the determination of which the finding or verdict was rendered; not as to all matters which might have been but were not liquidated. *Smith* v. *Town of Ontario*, 4 FED. REP. 388; *Cromwell* v. *Sac Co.* 94 U. S. 351. It does extend, however, to all matters which might have been litigated so far as to bar a second recovery upon the same cause of action.

The case is remanded to the referee for rehearing.