## HENNEQUIN and others *v.* BARNEY.

*(Circuit Court, S. D. New York.   July 25, 1885.)*

1. STATUTE OF LIMITATIONS—CODE CIVIL PROC. NEW YORK, §§ 91, 100—ABSENCE
   FROM STATE.
   
   When a collector of customs has departed from and remained out of the state of New York, where he has been sued to recover certain duties illegally exacted, for several successive periods after some of the causes of action for duties accrued, and before the commencement of the suit, which, taken together, amount to 12 months, such period of 12 months is to be added to the six-years limitation prescribed by the New York Code of Civil Procedure, §§ 91, 100, within which the action is barred.

2. ACTION TO RECOVER CUSTOMS DUTIES ILLEGALLY EXACTED—FORMER ACTION
   FOR PART OF DEMAND.
   
   A plaintiff cannot split up a single and entire cause of action, and make it the subject of different suits. *Burtells* v. *Schell*, 16 FED. REP. 341; *Secor* v. *Sturgiss*, 16 N. Y. 548; and *Baird* v. *U. S.* 96 U. S. 430, followed and applied.

Exceptions to Findings of Referee.

*A. W. Griswold*, for plaintiffs.

*Elihu Root*, for defendant.

WALLACE, J.   Exceptions have been filed by both parties to the findings of the referee to whom this action was referred under an order of the court upon the consent of the parties.   The action was brought to recover alleged excessive duties on "charges and commissions" exacted by the defendant, as collector of customs at the port of New York, upon importations made by the plaintiffs between March 21, 1861, and June 30, 1864.   The action was commenced in a state court by the service of a summons on the defendant, April 16, 1868, and was thereupon removed to this court.   The defendant pleaded (1) the general issue, and (2) the statute of limitations.   The plaintiffs replied that defendant departed from and resided out of the state for several successive periods, amounting in the aggregate to 12 months, and that the suit was brought within six years, and 12 months after the cause of action accrued.   Defendant rejoined, denying that defendant departed from and resided out of the state for several successive periods, amounting in the aggregate to 12 months, etc.   It appears by the bill of particulars and the evidence that plaintiffs' cause of action for the recovery of part of the duties in controversy accrued more than six years prior to the commencement of the action, but within six years, and 12 months prior.   The referee has reported in favor of the plaintiffs as to these duties, and the first question raised by the defendant's exceptions to his report relates to the correctness of this finding.

As is conceded by counsel for both parties, the case turns as to this point upon the construction and meaning of the state statutes of limitation enacted in 1851, and being sections 91 and 100 of the Code of Procedure of that year.   Section 91 provided that an action upon a contract, obligation, or liability, express or implied, (except a judg-

ment or decree, or a sealed instrument,) should be commenced within six years after the same had accrued. Section 100 provided that if, when the cause of action accrued against any person, he should be out of the state, the action might be commenced after the return of such person into the state; and if, after such cause of action should have accrued, such person should depart from and reside out of the state, the time of his absence should not be deemed or taken as any part of the time limited for the commencement of the action. Under the last section it was well settled by the decisions of the state courts that successive residences out of the state could be accumulated. The evidence shows that the defendant did depart from and remain out of the state for several successive periods after some of the causes of action for duties accrued, and before the commencement of the suit, which, taken together, amounted to the period of 12 months; that these absences were not a temporary departure, followed by an immediate return, but that he was not absent with any intent to change his domicile, and his domicile was, during these periods, at Kingsbridge, in this state. The question is whether it was not incumbent upon the plaintiff to show more than this, and whether, within section 100, a person resides out of the state during the period when his domicile is within it. It was held in *Harden* v. *Palmer*, 2 E. D. Smith, 172, 175, that, although the statute distinguishes between simply departing from and residing out of the state, it was not intended to apply only to cases where a party has lost his legal residence here for all purposes, and that the word "reside," as there used, means a material absence from the state, as contradistinguished from a temporary departure followed by an immediate return.

Whatever view might be reached if the question were an open one in this court, its consideration is foreclosed by the decision of this court, BLATCHFORD, J., in *Dale* v. *Barney*. No opinion was written in that case, but the question was presented, as it is here, upon exceptions to a referee's report, and the referee had carefully considered it and expressed his views at large. The court apparently adopted the opinion of the referee. The facts, the findings, and the exceptions were precisely those now before the court, and the decision then made, holding that the defendant's absences were to be added to the six years, must be deemed controlling in the present case. It is stated by counsel for the defendant that the case of *Kaupe* v. *Barney* presented the same question, and was decided by the same judge in a different way. This is not apparent from the record in that case, which has been handed up by counsel, and it would seem, from the recitals of the order entered in that case, that the exceptions were only presented for a *pro forma* disposition of the case.

The plaintiffs have excepted to the finding of the referee that they are barred from recovering certain of the duties sued for in the present suit by a recovery in a former suit against the defendant for a part of the duties on charges and commissions exacted by the de-

fendant upon the same importations and liquidated upon the same entries as those in the present suit. In *Bartells* v. *Schell*, 16 FED. REP. 341, it was held by this court that a plaintiff cannot split up a single and entire cause of action and make it the subject of different suits, and that in cases like this the liquidation upon each entry was the foundation of a single and entire cause of action against the collector. Following that decision, the referee correctly ruled that when the plaintiffs brought their action and recovered judgment for a part only of an entire and indivisible demand, they estopped themselves from subsequently bringing another action for another part of the same demand. See *Secor* v. *Sturgis*, 16 N. Y. 548; *Baird* v. *U. S.* 96 U. S. 430. The defense was permissible under the general issue. *Young* v. *Black*, 7 Cranch, 565.

The conclusions thus reached dispose of all the exceptions of the parties which are material for present purposes. Exceptions were raised upon the hearing before the referee to the admission of evidence, which it may be proper to consider in order to indicate the course to be pursued in similar cases which are now pending before the referee. Considerable evidence was introduced by the plaintiffs for the purpose of showing that during the pendency of the action the United States attorney, with the consent or acquiescence of the secretary of the treasury, made an agreement with the plaintiffs' attorney by which, in substance, it was stipulated that the defense of the statute of limitations should not be raised in this case, and a number of other cases of a similar character. All this related to matters quite outside the issues presented by the pleadings, and for this reason, and without passing upon the question of the validity of such an agreement or its effect, it should be held that the objections and exceptions to the admission of this evidence are well taken. It is apparent, however, that in all the negotiations and correspondence between the attorneys and the treasury department, looking towards an adjustment of this and the other pending actions, the United States attorney only assumed to represent the department, and did not assume to represent the defendant personally. The defendant had long ceased to be a collector, but he was something more than the nominal defendant; and, within the case of *Andrae* v. *Redfield*, 12 Blatchf. 407, he could not be prejudiced by anything said or done by the government or its officials without his concurrence.