## NIXON et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.

### (Circuit Court of Appeals, Ninth Circuit. February 4, 1907.)

### No. 1,350.

BANKRUPTCY—SEIZURE OF PROPERTY—ALLOWANCE OF COSTS AND DAMAGES ON DISMISSAL.

Under the provision of Bankr. Act 1898, § 3e, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], providing that on the dismissal of a petition against an alleged bankrupt whose property has been seized, he shall be allowed "all costs, counsel fees, expenses, and damages occasioned by such seizure," he is entitled to but a single allowance, which must include all of such items claimed by him, and where he makes no claim for damages, he cannot thereafter make a further claim therefor against the petitioners and their bondsmen under section 69a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450].

In Error to the District Court of the United States for the District of Montana.

This case grew out of the involuntary bankruptcy proceedings instituted by various creditors against the Silver City Mercantile Company, Samuel M. Nixon, Samuel Nixon, Lemuel W. Nixon, and James F. Lott, as copartners, asking that they be adjudged bankrupts, in accordance with the provisions of the United States bankruptcy act. Under that petition application was made by the creditors to the court below for a warrant, directing the United States marshal to seize the property of the alleged bankrupts, under which warrant certain stocks of merchandise then being in Centerville, South Butte, and on East Park street, Butte, Mont., were levied upon and taken into the possession of the court, upon the execution of certain bonds furnished by the creditors in pursuance of the provisions of section 3e of chapter 3 of the bankruptcy act. Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]. Part of the goods thus seized were claimed by Fannie J. Lott and Lemuel W. Nixon, in which the other plaintiff in error, John R. Bordeaux, claims to have acquired an interest by assignment.

Subsequent to the issuance of the warrant and the seizure thereunder the creditors filed an amended petition in the court below, setting up additional facts, and making a party to the proceedings Fannie J. Lott, who was the wife of James F. Lott. The alleged bankrupts appeared, and put in issue the averments of the petition, the trial of which issues resulted in a finding by the trial court to the effect that the allegations of the amended petition were true except as to James F. Lott, as to whom the proceedings were dismissed. Judgment accordingly having been entered, Fannie J. Lott and Lemuel W. Nixon took an appeal therefrom to this court, where the judgment as to them was reversed and the cause remanded, on the ground that Fannie J. Lott and L. W. Nixon were not members of the copartnership known as the "Silver City Mercantile Company," with directions to the court below to dismiss the proceedings as to Fannie J. Lott and Lemuel W. Nixon, which was done. Thereafter, Fannie J. Lott and Lemuel W. Nixon filed their petitions in the court below for the recovery by them of judgment against the petitioning creditors, and the obligors upon the bonds filed on their behalf, under and by virtue of the provisions of section 3e of chapter 3 of the bankruptcy act, for counsel fees, costs, disbursements, and expenses incurred by them in the proceedings, which petitions were contested by the creditors, and resulted in the entry by the court below on the 25th day of June, 1901, of a decree, adjudging that the said Fannie J. Lott and Lemuel W. Nixon recover of the petitioning creditors their costs and disbursements and counsel fees incurred in the proceedings, taxed at $4,510.50, and that they have execution therefor, which amount they afterwards received. Subsequently the plaintiffs in error, Lemuel W. Nixon, Fannie J. Lott, and John R. Bordeaux, as assignee, filed in the court below a petition demanding damages against the defendants in error, by reason of the wrongful levy upon their goods made in the bankruptcy proceedings referred to, upon which petition citation was issued and served upon the respondents

thereto, the defendants in error here, who moved that the citation be quashed and the petition dismissed, which was done by the court below by judgment entered as of the 24th day of November, 1905, which judgment is the ground of the present writ of error.

C. M. Parr and G. J. Langford, for plaintiffs in error.

L. P. Sanders and M. P. Gilchrist, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge (after stating the facts). It is provided by subdivision a, § 69, Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 565, [U. S. Comp. St. 1901, p. 3451]), that:

"A judge may, upon satisfactory proof by affidavit that a bankrupt against whom an involuntary petition has been filed and is pending has committed an act of bankruptcy, or has neglected, or is neglecting, or is about to so neglect his property that it has thereby deteriorated, or is thereby deteriorating, or is about to thereby deteriorate in value, issue a warrant to the marshal to seize and hold it subject to further orders. Before such warrant is issued, the petitioners applying therefor shall enter into a bond in such an amount as the judge shall fix, with such sureties as he shall approve, conditioned to indemnify such bankrupt for such damages as he shall sustain in the event such seizure shall prove to have been wrongfully obtained."

By subdivision "e" of section 3 of the same act, it is provided that if a petition for a decree adjudging one an involuntary bankrupt "be dismissed by the court, or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, taking, or detention of such property. Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors in such bond."

The case shows that after the entry of the judgment of the court below, made in pursuance of the former decision of this court, directing a dismissal of the bankruptcy proceedings as against Fannie J. Lott and Lemuel W. Nixon, on the ground that they were not members of the copartnership known as the "Silver City Mercantile Company," those persons filed their petition in the bankruptcy court for the recovery by them of judgment against the petitioning creditors, and against the obligors upon the bonds filed on their behalf, under and by virtue of the provisions of subdivision "e" of section 3 above quoted, for counsel fees, costs, disbursements and expenses incurred by them in the proceedings, which petitions, after contest, resulted in the entry of judgment by the court below, adjudging that the petitioners, Fannie J. Lott and Lemuel W. Nixon, recover of the petitioning creditors their costs, disbursements, and counsel fees incurred in the bankruptcy proceedings, taxed at $4,510.50, the amount of which judgment they received. We think the court below was right in holding them concluded by that judgment. It is true that in those petitions they did not include "damages," which by the present proceeding they seek to recover, but we are of the opinion that they are bound by the general rule that a party is not entitled to split up his cause of action, and maintain a separate and distinct suit for each separate and distinct item entering into that cause, which would be the necessary result of sustaining the plaintiffs in error in their contention here.

As has been seen, the provisions of the bankruptcy act itself are to the effect that, in the event a petition for a decree adjudging a party an involuntary bankrupt be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by the seizure, taking, or detention of his or their property, which counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors in such bonds. The cause of action, and the sole cause of action, was the wrongful seizure of the petitioners' property, and for that wrong the statute says, in effect, that the injured party may recover "all costs, counsel fees, expenses, and damages." These are the elements entering into and constituting parts and parcels of the cause of action, and manifestly do not constitute separate and distinct causes of action for which separate and distinct suits or actions may be brought. 3 Sutherland on Damages, 183, 372; Bendernagie v. Cocks (N. Y.) 32 Am. Dec. 448; Wichita & W. R. Co. v. Beebe (Kan. Sup.) 18 Pac. 502; Kaehler v. Dobberpuhl (Wis.) 18 N. W. 841; Threatt v. Mining Co. (S. C.) 26 S. E. 970; Herman v. Felthousen (Wis.) 90 N. W. 432; Dawson v. Baum (Wash. T.) 19 Pac. 46; Pomeroy's Remedies (4th Ed.) pp. 459, 477.

The "damages" now claimed by the plaintiffs in error, being a part of their indivisible cause of action, should and could only have been recovered in their prior action thereon; for, as said by Chief Justice Waite for the Supreme Court, in the case of Baird v. United States, 96 U. S. 430, 432, 24 L. Ed. 703:

"It is well settled that, where a party brings an action for a part only of an entire indivisible demand, and recovers judgment, he cannot subsequently maintain an action for another part of the same demand. Warren v. Comings, 6 Cush. (Mass.) 103. Thus, if there are several sums due under one contract, and a suit is brought for a part only, a judgment in that suit will be a bar to another action for the recovery of the residue."

There is no merit in the suggestion for the plaintiffs in error that the judgment awarding them $4,510.50 for costs, disbursements, and counsel fees, is void, on the ground that the court had no jurisdiction to enter such judgment against the petitioning creditors. A court of justice will not entertain such an objection by parties at whose instance such judgment was entered, and who have received and enjoyed the fruits of that judgment. "It may be laid down as a general proposition," said the Supreme Court, in the case of Davis v. Wakelee, 156 U. S. 680, 689, 15 Sup. Ct. 555, 558 (39 L. Ed. 578), "that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

We think nothing more need be said to show that the judgment of the court below should be affirmed.

The judgment is affirmed.