Campbell, Chief Justice,
delivered the opinion of the court:
The issue between the parties is reduced to the one question of whether plaintiff can recover the profits it could have made if the work called for by the contract had been completed. The contract provided for its, termination. It stated that it was necessitated because of war.conditions and accordingly made provision for its cancellation. In the case of Russell Motor Car Co., 57 C. Cls. 464, 261 U. S. 514, it appeared that the contract was terminated under the statute of June 15, 1917, and any right to anticipated profits was denied. In the instant case the contract itself makes provision for a cancellation and the controlling principle in the two cases is the same. What should be paid in the event of termination is set forth in Article XIV of the contract, and admittedly all items therein contemplated were paid unless the profits here claimed should also be included. If that item of profits is recoverable, it is difficult to see what benefit accrues from the stipulated right of termination, the plaintiff having been made whole as to all other items growing out of the contract.
The action in terminating the contract should be referred to the powers given in that regard by the terms of the agreement, and, such action being authorized, no presumption is to be indulged that the términation was a breach. But whether the Chief of Ordnance notified the contractor or not that certain of the articles should not be manufac *78 tured or delivered is wholly immaterial in view of the fact that plaintiff, when requested to suspend operations, agreed to suspend and did suspend, and the parties proceeded to an ascertainment of the amounts which should be paid plaintiff in accordance with the terms of the contract. This mutual agreement to suspend, followed by an actual suspension, was an effectual waiver of plaintiff’s right to proceed. See Savage Arms Corp., 57 C. Cls. 71, 85; affirmed, 266 U. S. 217; decided'November 17, 1924. Not only this, but when the claim of amounts to be allowed was in issue, plaintiff accepted the award of the claims board as approved by the Ordnance Claims Board. It executed a supplemental agreement intended to carry the settlement into effect. Among other recitals of the supplemental agreement is one in which plaintiff waived “any and all rights to a specific notice of termination ” or to continue the performance of the original contract to any extent after the receipt of such notice. It was then paid the sum of $16,279.21, and having received this sum in the circumstances stated, it can not now recover more. See Savage case, 92 U. S. 382, 388; Baird case, 96 U. S. 430; Willard, Sutherland & Co. v. United States, 262 U. S. 489.
The petition should be dismissed. And it is so ordered.
GRAHAM, judge; Hat, judge; DowNey, judge, and Booth, judge, concur.