### STRANGE v. GULF REFINING COMPANY

#### (141 S. E., 307)

1. ACCORD AND SATISFACTION—COMPROMISE AND SETTLEMENT—ACCEPTING CHECK IN FULL PAYMENT OF UNLIQUIDATED ACCOUNT OPERATES AS "ACCORD AND SATISFACTION."—Acceptance of check in full payment operates as an "accord and satisfaction" of account between parties in case account is unliquidated.

2. ACCORD AND SATISFACTION—COMPROMISE AND SETTLEMENT—SALESMAN'S ACCEPTANCE OF CHECK IN FULL, AFTER DISPUTE RELATIVE TO

AMOUNT OF COMMISSIONS, CONSTITUTED ACCORD AND SATISFACTION.— Where there was dispute between oil company and salesman relative to commissions due salesman in accordance with agreement, the acceptance of check by salesman in full payment of account to date constituted an accord and settlement of all matters in dispute between parties after indorsement thereof by salesman.

3. TRIAL—DIRECTED VERDICT FOR DEFENDANT TERMINATED CASE, INCLUDING COUNTERCLAIM FILED BY DEFENDANT.—Direction of verdict in favor of defendant terminated entire case, including counterclaim filed by defendant, as to which there was no evidence offered.

4. TRIAL—ISSUE AS TO RETURN OF CERTAIN CANS TO DEFENDANT HELD PROPERLY EXCLUDED UNDER PLEADINGS IN ACTION FOR BALANCE STATED.—Where complaint in action by salesman against oil company for commissions was solely on a claim for balance stated, without any reference to certain milk cans claimed to have been returned to company, trial Judge properly excluded such item as issue in the case.

Before TOWNSEND, J., Sumter, November, 1925. Affirmed.

Action by W. M. Strange against the Gulf Refining Company, where defendant filed a counterclaim. Judgment for defendant, and plaintiff appeals.

*Messrs. L. D. Jennings and A. S. Merrimon,* for appellant, cite: *"Liquidated account":* 69 Pac., 317; 29 S. W., 93, 97; 12 S. W., 832; 20 Ga., 50, 53; 15 Ga., 321, 332; 62 N. Y. S., 276, 283; 31 Wis., 476, 485; 66 N. W., 834, 836; 33 S. W., 602; Ga., 275; 2 Ga., 370, 374; 9 Mart., 200, 203; 5 Words & Phrases, 4174; 19 Enc. of L., 391, 6 Ohio, 140. *Both the giving and acceptance in satisfaction essential to accord and satisfaction:* 1 C. J., 527–530; 1 Cyc., 311. *Extent of rule:* 1 Cyc. of L., 311, 312, 319–322. *Giving receipt in full:* 1 C. J., 539, 541. *Acceptance of a less sum than claimed in satisfaction, where claim is unliquidated, operates as accord and satisfaction:* 61 S. C., 457. *Accord and part performance is not accord and satisfaction:* 1 Cyc. of L. & Proc., 315; 1 Cyc. of L., 316. *"Accord and satisfaction":* 1 C. J., 527–530, 532; 157 N. Y.,

239; 30 Mich., 454; 1 Cyc., 349; 114 N. W., 733; 136 N. Y. S., 485.

*Messrs. Epps & Levy,* for respondent, cite: *"Unliquidated claim":* 1 C. J., 556. *Acceptance of check tendered in settlement of unliquidated claim operates as accord and satisfaction:* 83 S. C., 78; 61 S. C., 448; 16 S. C., 198; 1 C. J., 562.

October 24, 1927.

The opinion of the Court was delivered by Mr. Acting Justice Purdy.

This action was for the recovery of a balance of $341.80, alleged by the appellant to be due him by the respondent, growing out of the following state of facts:

The appellant was employed by the respondent as its salesman at Sumter for the sale and distribution of gasoline, oils, and greases, and, for his services, was to receive a certain percentage of the sales. The appellant acted as agent from the date of the agreement until February, 1924, and he alleges that his commissions amounted to $1,102.54 for the month of January, payable on February 1, 1924, and that no part of this had been paid except $760.74, and claiming the balance due, with interest.

The respondent, by its answer, set up its agreement, and alleged that it had fully discharged all of its debts and obligations to the appellant, and paid him all the sums of money that it owed him under the contract, and further alleged that upon the termination of the contract, it sent the appellant a statement showing a balance due to appellant of $468.08, and along with such statement sent its voucher check with this indorsement on the face of it, "Credit balance on account," and on the reverse side, "This voucher check is payment in full of the within account, and it is agreed that the payee's indorsement thereon shall constitute acknowledgment of such payment," that the appellant indorsed this

voucher check and received the money for it, and that such constituted full accord and satisfaction of all obligations and indebtedness due to the appellant under the contract.

The defendant further set up a counterclaim against the appellant, amounting to $544.09, alleging that all gasoline and oils shipped to appellant were to be sold for cash, at the prices named by the respondent, and, if any credit was extended, it was to be only to such parties as were acceptable to the respondent, and upon terms named by it. Examination of the contract shows that it contained such clause, that, of the gasoline, oils, and products shipped to appellant under the terms of the contract, he made sales to a certain party, amounting to $544.09, on a credit which was unpaid, and that such sales were unauthorized, and that the appellant became indebted to the respondent in such sum, by reason of having made such unauthorized sales and the loss following.

In due course, the appellant replied to the counterclaim, and, among other things, alleged that the voucher check was issued and he received it only as part payment, and alleged that he made no sales to the party mentioned.

After the appellant closed his case, the respondent made a motion for a directed verdict, upon the ground that the acceptance of the voucher check constituted a full accord and satisfaction of any account that was due the appellant. The motion was granted, and the appeal is from the order granting this motion and from the refusal to grant the appellant's motion for a directed verdict as to respondent's counterclaim; a motion for such directed verdict having been made and refused, the Court holding that, having directed a verdict for the respondent, it ended the entire case, and no further verdict was necessary.

The matter can probably better be understood by bringing into the record the statement furnished and the voucher check issued, and they are as follows:

"Gulf Refining Company, Atlanta, Ga., Jan. 31, 1924.
"W. M. Strange, Sumter, S. C.

"Dr.

| | |
|---|---|
| Jan. 31. Memo. highway service Sta.........$ | 200.00 |
| Feb. 15. Memo. highway service Sta........... | 38.51 |
| Feb. 15. Memo. L. B. Phillips invoices No. 558 of 12-20-22, No. 573 of 12-27-22, No. 582 of 2-28-23, No. 574 of 2-23-23............. | 287.30 |
| 1 invoice No. 4942, milk cans, 28 10-gal. @ 3.00 | 84.00 |
| Ditto, milk cans, 5 5-gals. @ 2.50........... | 12.50 |
| 1 invoice 4943; No. 3 cup grease, 30 @ 430—30% | 3.15 |
| 1 1 drum No. 27748 @ 9.00............... | 9.00 |
| | $634.46 |

"Cr.

| | |
|---|---|
| Jan. 31. Commissions ....................$1,096.54 |  |
| Feb. 1. to adjust stock charge A Red Eng. 30 gals. @ 20¢ ............................... | 6.00 |
| | $1,102.54 |
| Cr. Bal. ............................$ | 468.08 |

"Atlanta, Ga., February 16th, 1924. Draft No. 20365. Pay to the order of W. M. Strange, Sumter, S. C., at Lowry Bank & Trust Co., of Georgia, which says on the memorandum, 'Credit Balance in account $468.08, received payment through Atlanta Clearing House, February 21st, 1924. Prior indorsements guaranteed, Federal Reserve Bank; Atlanta, Ga., and pay any bank or banker, or order, all prior indorsements guaranteed, Feb. 18, 1924. The National Bank of Sumter, Sumter, S. C.' On the back of the draft is this indorsement, 'This voucher check is payment in full of the within account, and it is agreed that the payee's indorsement hereon shall constitute acknowledgment

of such payment,' with the indorsement of W. M. Strange below that."

It will be seen from this indorsement that there is an item, amounting to $287.30 charged against the appellant on L. B. Phillips' invoices for commodities sold him. There are also charges for milk cans.

Exceptions 1 and 2 impute error in holding that the acceptance of the check for the amount stated was full payment whereas it was only a receipt, explainable, and at most, a payment on account to the extent of the amount of the check.

Exception 3 imputes error in directing a verdict, in that the evidence shows that there were matters in the account left open for future settlement; that there was no dispute as to the amount due to the appellant; that appellant had shown that he was authorized to extend credit to Phillips, which credit had been approved by the respondent; and that the respondent had no right to deduct the amount due by Phillips from the amount due to the appellant, unless the appellant had given credit to Phillips without the consent of the respondent, or that the respondent had not approved the credit—"all of which should have been submitted to the jury, and the jury should have been instructed that it was for them to say from the evidence, whether the defendant had authorized the credit or approved the credit to Phillips, and that all receipts are explainable, and should have left it to the jury to say whether the plaintiff, by cashing the check, intended to accept the same as a settlement in full."

Exception 4 alleges error in holding that the acceptance of the check had the effect of satisfying the indebtedness, because the evidence shows that there was no consideration to the appellant for such satisfaction and accord, and his Honor should have held that a consideration was necessary to render the accord and satisfaction valid, and it should

have been shown that it was essential that the appellant accepted the amount with the intention that it should operate as a satisfaction, and should have submitted the case to the jury on these issues, with instructions that both the giving and acceptance in accord and satisfaction are essential elements, and without them there could be no accord and satisfaction; that the intention of the parties is controlling and must be determined from all the circumstances surrounding the transaction—all of which should have been left to the jury.

The fifth exception imputes error in not holding that the respondent did not have the right to deduct the Phillips account from the amount due appellant, in not holding that there was not any accord and satisfaction, and that there was no consideration to the appellant, and in not holding from the evidence that the appellant did not intend to accept the check as settlement in full.

By the sixth exception, error is imputed, in that it appeared that before suit was brought the appellant had returned milk cans of the value of $54.51, and the case should have been submitted to the jury as to the amount due appellant for those cans.

Error is imputed in the seventh exception in not submitting the case to the jury, when it appeared that the respondent had authorized credit to Phillips, and had approved credits made, and there was no dispute as to the amount due the appellant by the respondent, and there was no evidence that the respondent had a right to deduct the Phillips account; that the evidence showed or tended to show that there was no intention on the part of the appellant to accept the check in full satisfaction; that there was not any evidence to show that there was any dispute about the account and that the check was intended to settle the contention between the parties, but there was only a statement accompanying the check showing the amount due appel-

lant and the deduction of the Phillips account, "with no evidence, or any authority whatsoever or any evidence tending to show an accord and satisfaction, and should have held that there was ample evidence to submit the case to the jury on all of the issues made."

The eighth exception imputes error in not directing a verdict for the appellant, against the respondent on the couterclaim, because there was no evidence to sustain any part of it.

It will be seen from the foregoing that there are eight exceptions. The main issue between the parties is whether the acceptance of the check operated as an accord and satisfaction, and whether, having accepted a check with the statement attached, in the light of the testimony, the appellant can recover.

If the account was unliquidated, then the acceptance of the check operated as an accord and satisfaction of the account between the parties. This is the general law.

"Where a claim is unliquidated, or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction, as the rule that the receiving of a part of a debt due under an agreement that the same shall be in full satisfaction is no bar to an action to recover the balance, does not apply where the plaintiff's claim is disputed or unliquidated." *Riggs v. Home Mut. Fire Protection Association,* 61 S. C., 457; 39 S. E., 617, citing *Baird v. U. S.,* 96 U. S., 430; 24 L. Ed., 703, in which the Court says: "It is, no doubt, true that the payment by a debtor of a part of his liquidated debt is not a satisfaction of the whole, unless made and accepted upon some new consideration; but it is equally true that, where the debt is unliquidated and the amount is uncertain, this rule does not apply. In such cases the question is whether the payment was in fact made and accepted in satisfaction."

Where the amount is unliquidated and a tender is made in satisfaction and the creditor accepts it, even though he protests at the time, he will be bound by such acceptance and an accord and satisfaction follows.  1 C. J., 562.

There was no dispute about one item in the account, and that was the amount of the credit, $1,102.54; but the correspondence between the appellant and the respondent shows that there was an issue between them concerning the liability of the appellant for the Phillips account.  In one letter the respondent wrote:

"We want the full amount due by this concern.  If Mr. Phillips does not pay it, we are looking to you, as we certainly were not informed of any such arrangement as brought out in your letter of the 10th.  The fact of the matter is we have been writing you a long time, trying to get this man on a cash basis, and it is up to you to get it straightened out without any further delay."

There was other correspondence showing that there was a dispute between the parties about this item.  Counsel for appellant takes the position that appellant was not liable for this account, and that, there being no dispute about the amount which appellant owed respondent, it was error to direct a verdict in respondent's favor, and, as to the various other matters, it was error to direct such a verdict, because these matters should have been submitted to a jury.

The letters showing the controversy about the Phillips account were received before the statement was rendered; a letter was put in evidence claiming to have been sent along with the statement, showing it purported to be in full settlement.  The appellant says he had no recollection of this letter; it did not come with the statement, and, if he received it, it must have been received afterwards.

The exceptions speak for themselves.  They allege error in not submitting these matters in dispute to a jury.  These items having been brought into the

statement, and the check accompanying the statement having given notice that it was intended as payment in full, and the appellant having indorsed it, is an acknowledgment that it was payment in full, settling all matters of dispute between the parties.

Had there been no dispute about the amount due, the receipt of such a check would have been as a credit only. The trial Judge was right in holding that the direction of the verdict in favor of the respondent ended the whole case, which included, of course, the counterclaim, as there was no evidence offered to support it, and it was stated by counsel that, if such a verdict were directed, the counterclaim, as is expressed in the record, "goes out," and it was further stated by counsel for the defendant that such a verdict "means nothing on the counterclaim," so that in these circumstances the defendant could not pursue its counterclaim further in this action, nor hereafter sue upon it.

But the appellant says further that the issue as to the amount claimed for cans that were returned should have been submitted to the jury. The testimony does not disclose the fact that the cans were returned before this action was brought.

It is stated in the record that appellant testified that the company owed him for milk cans which had been returned, but the date of the return is not given. Such testimony, given without objection, might have entitled the appellant to move to amend in accordance with the facts proven, but such does not appear to have been done. Besides, the complaint is based solely upon a claim for a balance stated, without any reference to the return of any cans, and there was no error on the part of the trial Judge in excluding this as an issue in the case. It appears that, upon the return of the cans, the appellant would be entitled to reimbursement, and in a letter to him the respondent stated that

whatever was paid on the Phillips account would be the subject of adjustment. So that, with full knowledge of the claim on the part of the respondent that the appellant was liable for the items charged in the account, with a dispute on his part as to his liability for them, the appellants, having accepted the check and cashed it, cannot now complain.

The exceptions therefore are overruled, and the judgment of the Circuit Court is affirmed.

This opinion, however, does not in any manner preclude the plaintiff from being entitled to reimbursement for any cans that may have been or may be returned, nor from having the proceeds of the Phillips account, if collected.

Affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.