## TENNESSEE GAS & TRANSMISSION CO. v. EL PASO NATURAL GAS CO. et al.

### No. 12007.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1948.

10

Jno. P. Bullington, of Houston Tex., Eugene R. Smith, of El Paso, Tex., and Gillis A. Johnson of Fort Worth, Tex., for appellant.

Allen R. Gramling and J. F. Hulse, both of El Paso, Tex., James D. Porter, of Milwaukee, Wis., for appellees.

S. A. L. Morgan, of New York City, for intervener.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

This suit was originally filed by the El Paso Natural Gas Company against A. O. Smith Corporation, for the purpose of obtaining a declaratory judgment construing a contract between the parties. The contract involved the purchase and sale of a supply of large diameter steel pipe, to be used in the construction of a pipe line for transporting natural gas from New Mexico to California. An injunction was also sought to prevent the Smith Corporation from selling steel pipe to the Russian Government until it had completed its contract for the delivery of pipe to the El Paso Company.

Thereafter, Chicago District Pipeline Company, The Texas Company, Natural Gas Pipeline Company of America, Texoma Natural Gas Company, and Panhandle Eastern Pipeline Company, asked leave to intervene, alleging that they were interested in the outcome of the suit. The intervention of these parties was allowed by the trial court.

On December 20, 1946, an agreed judgment was entered construing the contract between the El Paso Company and the Smith Corporation and determining the contractual rights of all intervening parties, after which appellant, Tennessee Gas and Transmission Company, intervened and filed a motion to modify or set aside the agreed judgment, claiming that its rights were prejudiced thereby. Appellant, Tennessee Company, seeks to modify the agreed judgment so as to obtain from the Smith Corporation steel pipe necessary to construct a twenty-four inch pipe line from Corpus Christi, Texas, to Kenova, West Virginia, in advance of the delivery of pipe by Smith Corporation to the El Paso Company.

On April 2, 1947, the trial court entered judgment that no modification be made of the agreed judgment entered on December 20, 1946, and that the judgment as originally entered should continue in full force and effect.

This appeal involves the relative priority rights of the parties to the agreed judgment with respect to the delivery of steel pipe from the Smith Corporation. The only parties with which we are concerned on this appeal are the Tennessee Company, El Paso Company, and Texas Company, the other intervenors admittedly having contracts for delivery of pipe prior to the contracts of these parties.

Tennessee Company contends that El Paso Company had no binding contract with the Smith Corporation for delivery of pipe until it obtained a Certificate of Public Convenience and Necessity from the Federal Power Commission on May 31, 1946, and that Tennessee Company had a firm and binding contract with Smith Cor-

poration on May 6, 1946, which entitled it to be placed on the Smith Corporation's production and delivery schedule ahead of the El Paso Company.

El Paso Company contends that, since both its contract became binding and its project was approved by the Commission before that of the Tennessee Company, it is therefore entitled to delivery of its order for pipe first.

El Paso Company and Smith Corporation both contend that Tennessee Company, in its negotiations and contract with the Smith Corporation, was bound by a custom or usage to the effect that orders for natural gas pipe, whether conditional or unconditional and firm, would not be placed on Smith Corporation's manufacturing and delivery schedule until the issuance by the Federal Power Commission of a certificate of convenience and necessity covering the project in question. They further contend that both Tennessee Company and Smith Corporation contracted in contemplation of this custom and are therefore bound by it, and that appellant, Tennessee Company, is therefore not entitled to have its order placed on the Smith Corporation's production and delivery schedule until July 3, 1946, the date it received its certificate from the Commission.

The only issue on this appeal as to the Texas Company is whether Tennessee Company is entitled to litigate further any question of priority between its order and the orders of the Texas Company, or whether it has waived such rights.

The evidence shows that in the years 1945 and 1946 the A. O. Smith Corporation of Milwaukee, Wisconsin, was practically the only source of supply of large diameter pipe suitable for use in the laying of natural gas and oil pipe lines; that during this period because of shortages of steel, strikes, and unprecedented demand, Smith Corporation was unable to fill orders for pipe as rapidly as received. In January of 1946, because of this situation, and in order to prevent waste of badly needed pipe and insure an equitable distribution of available pipe among its many customers, Smith Corporation adopted the policy of placing orders requiring certificates of convenience and necessity from the Federal Power Commission on its production schedule in the sequence or order in which certificates were granted by the Commission. The adoption of this policy was an effort to encourage compliance with the Natural Gas Act., 15 U.S.C.A. § 717 et seq., by which natural gas pipe line companies were prohibited from constructing pipe lines in interstate commerce until their projects were first approved by the Commission. Natural Gas Act, 7(c), 15 U.S.C.A. § 717f(c).

By letter dated February 21, 1946, Tennessee Company placed an order with Smith Corporation for approximately four hundred and twenty miles of twenty-six inch pipe, expressly conditioned upon approval of its proposed project by the Commission. This conditional order was accepted by the Smith Corporation in a letter dated February 26, 1946, restating the condition regarding Commission approval. On May 6, 1946, Tennessee Company attempted by letter expressly to remove the condition regarding Commission approval, and to make its previous conditional order firm and binding. On May, 7, 1946, Smith Corporation wrote Tennessee Company, accepting the removal of the condition, and advising of the dates when delivery of the pipe order might be expected. However, when Tennessee Company's purchasing agent, Burrow, informed Keith Camp, Division Sales Manager for Smith Corporation, on May 6th via telephone that Tennessee was making its previous conditional order firm, there was testimony that Burrow was then asked whether Tennessee had obtained Commission approval, and that he replied, "Sure, or I wouldn't have made it firm." It was further shown that Smith Corporation's alleged acceptances, on and after May 7, 1946, of Tennessee Company's firm and unconditional order of May 6, 1946, were made in reliance upon erroneous information from Camp, Tennessee Company's agent, that Tennessee Company then had the required Commission approval. When B. F. Bart, a Smith Corporation executive, learned on May 9, 1946, that Tennessee Company did not actually have Commission approval, he notified the Corporation's home office and mill in Milwaukee, and later informed Tennessee Company's president, Symonds, that Ten-

nessee Company's order was not going to be scheduled for production until Commission approval was obtained. It is without dispute that Tennessee Company did not at this time actually have its certificate of convenience and necessity from the Commission, that it did not receive its certificate until July 3, 1946, and that it could not lawfully have installed the pipe ordered in its proposed project prior to this date.

El Paso Company placed its order with Smith Corporation on August 6, 1945, which order was also conditioned upon the issuance of a certificate for its project by the Commission. Smith Corporation's acceptance on August 8th stated that it was reserving space to handle the order, and that shipments would begin in March or April of 1946, provided El Paso Company had received its certificate from the Commission at that time. It is undisputed that El Paso Company did not actually receive its certificate from the Commission until May 31, 1946.

The Texas Company is not a natural gas pipe line company, and admittedly did not require a certificate of convenience and necessity from the Commission. The Smith Corporation accepted the Texas Company's unconditional order of April 15, 1946, and placed it on the production and delivery schedule as of that date. On November 1, 1946, the Texas Company amended its original order by changing the specifications of some of the pipe to larger diameters, with a resultant increase in steel required of 38,000 tons.

The case was tried by the court without a jury.

■ We are of opinion, and so hold, that appellant Tennessee Company contracted with knowledge of and was absolutely bound by the custom and practice of Smith Corporation to the effect that orders for pipe, whether conditional or unconditional, would be scheduled by Smith Corporation for manufacture and delivery only upon the issuance of a certificate of con-

venience and necessity by the Federal Power Commission. Bliven v. New England Screw Co., 23 How 420, 64 U.S. 420, 16 L. Ed. 510, 513; Keystone Motor Freight Lines v. Brannon-Signaigo Cigar Co., 5 Cir., 115 F.2d 736; Von Harten and Clark v. Nevels, Tex.Civ.App., 234 S.W. 676, 678. The issuance of a certificate by the Commission covering its proposed project was a condition precedent to the existence of a valid and enforceable contract for delivery of the pipe. Ware v. Allen, 128 U.S. 590, 9 S.Ct. 174, 32 L.Ed. 563; Cranfill v. Swann Petroleum Co., Tex.Civ.App., 254 S.W. 582; 10 Texas Jurisprudence 52; Dwyer v. City of Brenham, 70 Tex. 30, 7 S.W. 598; Gateway Produce Company v. Farrier Brothers, 5 Cir., 268 F. 513. It therefore becomes manifest that Tennessee Company's contract with Smith Corporation was not consummated, and did not become firm and binding, until the issuance of a certificate of convenience and necessity covering Tennessee Company's project by the Power Commission on July 3, 1946. In view of our holding here, the dispute as to whether Tennessee Company's order was conditional or unconditional as of May 6, 1946, and whether Tennessee's agent was guilty of the misrepresentation on that date as alleged, becomes immaterial.

■ There is no merit in Tennessee Company's contention that it is entitled to litigate further the alleged priority of its order over the original and amended order of the Texas Company. Appellant nowhere in its pleadings asserts any priority over orders placed prior to May 6, 1946, and the trial court was justified in finding that appellant had waived its alleged rights in this respect. Bienville Water Supply Co. v. Mobile, 186 U.S. 212, 22 S.Ct. 820, 46 L.Ed. 1132; Baird v. U. S., 96 U.S. 430, 432, 24 L.Ed. 703; Libby-Owens-Ford Glass Co. v. Sylvania Indus. Corp., 2 Cir., 154 F.2d 814.

We find no reversible error in the record and the judgment is therefore affirmed.