## ALBERT BURRITT *vs.* JOHN BELFY.

While a suit for several months' rent was pending in a city court, the rent being payable monthly under a parol lease for a term of years, another suit was brought before a justice of the peace for an additional month's rent, but which was due when the former suit was brought, and judgment was taken for the same. Both suits were general assumpsit for use and occupation. Held that the judgment in the second suit was a bar to the first suit.

The principle that a judgment for a part of an entire demand is a bar to any other suit for another part of the same demand, is every where inflexibly maintained.

Where several payments have become due upon a single agreement, express or implied, the demand is to be regarded as an entire one.

The omission to plead the first suit in abatement of the second was not a waiver of the right to plead the judgment in bar of the first suit.

ASSUMPSIT for use and occupation of real estate; brought to the City Court of the city of Waterbury. The defendant pleaded the general issue, with notice that he should give in evidence as a bar a judgment rendered by a justice of the peace between the same parties in a later suit for another month's rent. Facts found and judgment rendered (*Cowell*, *J.*,) for the plaintiff. Motion in error by the defendant to the Superior Court, which court (*Culver*, *J.*,) affirmed the

judgment. The defendant then brought the record before this court by a motion in error. The case is fully stated in the opinion.

*J. W. Webster* and *J. O'Neill*, for the plaintiff in error.

*E. F. Cole*, for the defendant in error.

LOOMIS, J. Under a parol lease for a term of years, the defendant, from the 1st of October, 1875, till the 1st of November, 1877, occupied certain real estate belonging to the plaintiff for an agreed rent of thirty-seven dollars and fifty cents per month, payable monthly in advance. The rent was not paid according to agreement, and on the 31st of October, 1877, there was due the plaintiff the sum of $173.63, and on that day the present suit was commenced, returnable to the City Court of the city of Waterbury holden on the first Monday of December, 1877, for the purpose of recovering the rent due prior to the 1st of October, 1877. On the 1st day of November, 1877, the plaintiff commenced another suit, returnable before a justice of the peace on the 10th day of November, 1877, to recover for the rent due for the month of October, 1877. Both actions were general assumpsit for use and occupation only, and all the rent was due when the first suit was brought. The justice suit was first tried, in which the plaintiff filed his bill of particulars for "one month's rent from October 1st, 1877, to November 1st, 1877, $37.50," and recovered judgment for the amount claimed, with costs, which was paid and satisfied by the defendant after execution was issued.

In the present action the plaintiff filed his bill of particulars "for twenty-four months' rent up to October 1st, 1877, at $37.50 per month," giving credit for the amount received, and showing a balance of $136.13.

The defendant pleaded the general issue, with notice that the recovery and satisfaction of the judgment before the justice upon a part of the same cause of action would be claimed as a bar to this action.

The City Court decided that it was no bar and the ruling

was sustained by the Superior Court. The question comes before this court for review on the defendant's motion in error.

The legal proposition that a judgment for a part of one entire demand is a conclusive bar to any other suit for another part of the same demand is every where inflexibly maintained.

There are some cases of great hardship where this court has applied the principle, showing how firmly it has been adhered to. In *Town of Marlborough* v. *Sisson et al.*, 31 Conn., 332, the defendants had removed a pauper from the town of East Haddam to the plaintiff town, and left him there, for the purpose of throwing the burden on the plaintiff. The pauper had no settlement in this state and the plaintiff had to assume the expense of his support, and afterwards brought a suit for damages and expenses up to the time of trial and recovered judgment. The plaintiff then requested the defendants to remove the pauper, which they refused to do, and Marlborough afterwards brought another suit to recover for the expenses incurred since the former judgment. It was held that the former recovery, though an inadequate one, was a bar to the action.

In *Pinney* v. *Barnes*, 17 Conn., 420, a suit had been brought in the name of the judge of probate against an executor after his removal from office, on his probate bond, for neglect to pay over to his successor money in his hands belonging to the estate, and judgment was recovered for a certain sum. On a scire facias afterwards brought on the judgment it appears that the testator had given by his will certain legacies payable when the legatees should arrive at the age of eighteen years. At the time of the former judgment they had not arrived at that age, but the defendant had in his hands money belonging to the estate derived from the sale of lands sufficient to pay these legacies, but on the trial of the first suit no claim was made or evidence offered relative to these legacies, as they were not then due and the action had been instituted and was prosecuted solely for the benefit of those entitled to the residuum. It was held by a majority of the court that the former judgment was an absolute bar.

WILLIAMS, C. J., in his dissenting opinion did not attack the principle referred to, but thought the court ought to lift the veil that concealed the real parties, and that the claims of these minor legatees ought to be considered as a distinct cause of action.

From the numerous cases that support the principle contended for we cite the following:—*Lane* v. *Cook*, 3 Day, 255; *Bunnel* v. *Pinto*, 2 Conn., 431; *Avery* v. *Fitch*, 4 id., 362; *Simes* v. *Zane*, 24 Penn. St. R., 242; *Logan* v. *Caffrey*, 30 id., 196; *Reformed Dutch Church of Westfield* v. *Brown*, 54 Barb., 191; *Hopf* v. *Myers*, 42 id., 270; *Secor* v. *Sturgis*, 16 N. York, 541; *Coggins* v. *Bulwinkle*, 1 E. D. Smith, 434; *Bendernagle* v. *Cocks*, 19 Wend., 207; *Guernsey* v. *Carver*, 8 id., 492; *Stevens* v. *Lockwood*, 13 id., 64; *Colvin* v. *Corwin*, 8 id., 492; *Warren* v. *Comings*, 6 Cush., 103; *Staples* v. *Goodrich*, 21 Barb., 317; *Ward* v. *Sperry*, 16 Johns., 121; *Marble* v. *Keyes*, 9 Gray, 221; *Gibbs* v. *Cruikshanks*, L. R. 8 Com. Pleas, 454; *Lord Bagot* v. *Williams*, 3 Barn. & Cress., 235. While there is no conflict of authorities relative to the proposition as stated, there is some disagreement in the cases in applying the principle, owing to the difficulty of discriminating between demands which in their nature are single and entire and those which are several. The cases where such difficulties usually arise are those where there are running accounts for goods sold, money lent or paid, or labor performed, at different times; or where there is only one contract with stipulations for payments or acts to be done at different times, and more than one payment has become due when the first suit is brought. The case at bar belongs to the last mentioned class, and we are called upon to determine whether the cause of action was entire or several; and for this purpose we will invoke the aid of such general rules as the best authorities have prescribed.

In *Badger* v. *Titcomb*, 15 Pick., 400, a leading case in Massachusetts on this subject, it was held that a contract to do several things at several times is divisible in its nature, and that an action will lie for the breach of any one of the stipulations, each of these stipulations being considered a several

contract, though arising out of one and the same agreement. And the court held that a running account for goods sold and delivered, money loaned or money had and received at different times, will not constitute an entire demand, unless there is some agreement to that effect, or some usage or course of dealing from which such an agreement may be inferred; and Wilde, J., in giving the opinion, says that the case of *Guernsey* v. *Carver*, 8 Wend., 492, which holds that a running account for goods sold at different times, if all are due, is an entire demand incapable of being split up into separate suits, is not good law.

Afterwards Cowen, J., in *Bendernagle* v. *Cocks*, 19 Wend., 207, in a very able opinion attempts to vindicate the decisions of the courts of New York against the attack of Judge Wilde.

Upon the merits of this conflict it is not necessary for us to pass, because we think the case at bar may be brought within the saving clause of Judge Wilde's rule, and be made an entire demand by the effect of the implied agreement upon which the action is founded.

We ought however to remark in passing, that the later decisions by the courts of New York show some concession to the position taken in *Badger* v. *Titcomb*.

In *Secor* v. *Sturgis*, 16 N. York, 548, the case of *Colvin* v. v. *Corwin*, 15 Wend., 557, was overruled, which held that the purchase by the defendant of lottery tickets at two different times and places of two different agents of the plaintiff constituted one entire demand, and the case of *Guernsey* v. *Carver*, supra, was somewhat qualified.

Strong, J., in giving the opinion says:—"The true distinction between demands or rights of action which are single and entire and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. In the case of torts each trespass or conversion or fraud gives a right of action and but a single one, however numerous the items of wrong or damage may be; in respect to contracts, express or implied, each contract affords one and only one cause of action. The case of a contract containing several stipulations to be performed at different times is no exception;

although an action may be maintained upon each stipulation as it is broken, before the time for the performance of the others, the ground of action in such case is the stipulation, which is in the nature of a several contract.     *     *     * Usually in case of a running account it may be fairly implied that it is in pursuance of an agreement that an account may be opened or continued, either for a definite period or at the pleasure of one or both of the parties.  But there must be either an express contract or the circumstances must be such as to raise an implied contract, embracing all the items, to make them, when they arise at different times, a single or entire demand or cause of action."

In further illustration of the application of the principle referred to we will notice two other recent cases decided by the courts of New York, where the facts were quite like those of the case under consideration.

In *Coggins* v. *Bulwinkle*, 1 E. D. Smith, 434, the defendant by written contract became security that each of four seamen named should report on board a certain ship and proceed to sea, and in default thereof he agreed to refund certain wages advanced by the plaintiff and pay damages.  All the seamen made default and did not appear at all on board the ship.  The plaintiff first brought an action of covenant, alleging a breach in the default of one seaman, and recovered.  Afterwards he brought three other suits upon the same agreement, alleging the separate default of each of the others.  The court, Woodruff, J., giving the opinion, held that the agreement was single and entire and could not be split up into four suits for breaches, all of which had occurred at the same time; and the first judgment was held a bar to all the other suits.

In *The Reformed Dutch Church* v. *Brown*, 54 Barb., 191, the defendant's testator had agreed in writing to pay one hundred dollars yearly for three years, for the purpose of supporting the preaching of the gospel at a place named. After all three of the yearly payments had become due and unpaid suit was commenced for the hundred dollars due at the end of the first year and judgment recovered.  Afterwards another action was brought for the remaining sums. It was held that the first judgment was a bar.

In the case at bar it is manifest that an action might have been brought for each month's rent as it became due, and so far the cause of action would have been several. But after all the payments have become due and the consideration is executed, in determining whether the cause of action is single and entire or several, regard should be had to the obligation of the defendant under the contract at the time the action is brought. If there are several payments due under one and the same contract they then become consolidated, as one obligation on the part of the defendant and one demand on the part of the plaintiff. So that if this action was founded on the express contract, we should hold that all the payments due should be included in one action. But here the action is not predicated on the promise to pay monthly and the breaches of that promise, but simply on the implied contract arising from the use and occupation, which was one continuous and entire thing. There is only one promise founded on one consideration, and there is *unum debitum*, one debt, which the defendant owes. So that the demand is clearly single and entire within all the authorities, and the plaintiff had no right to split it up for the purpose of bringing several actions, and having done so the first valid judgment on the merits for a part of the claim became an effectual bar to this action for the residue.

The result of the plaintiff's attempt to split his cause of action will be the loss of the principal part of his debt, which is to be regretted. But the law ceases to be law, it ceases to promote justice, if it is changed for every case. The greatest good to the greatest number requires a firm adherence to just general principles. Should we concede to the plaintiff in this case the right he claims to maintain these two suits, it would of necessity concede also his right to split his cause of action into twenty-five parts, one for each month's occupancy. Such a result would be simply intolerable. The two old maxims of the law on which our decision rests, "*Nemo debet bis vexari pro eadem causâ*," and "*Interest reipublicæ ut sit finis litium,*" are embodiments of wisdom and justice.

It may be suggested that in the cases where the principle

---

Burritt v. Belfy.

---

we have referred to has been applied the second suit was barred by the judgment in the one previously brought, which is reversed in this case.

It is usually to be expected that recovery will be had in the suit first brought, and would doubtless have been so here if both suits had been returnable before the same court. But does the reversal of the natural order alter the principle? We see no reason for it except that the first suit at the time it is brought is not vexatious, while the second one is. But if the second suit goes into a valid judgment on its merits, we do not see why it must not merge the entire demand, the same as if rendered in the suit first brought. We do not find any particular discussion of this point, but the rule is laid down to this effect in the well-considered case of *Secor* v. *Sturgis*, supra. The court says, "The rule is fully established that an entire claim cannot be divided and made the subject of several suits ; and if several suits be brought for different parts of such a claim the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits *in either* will be available as a bar in the other suits."

Again, as the defendant might have pleaded the pendency of the first suit in abatement of the second, it is suggested whether his omission to do so may not be considered a waiver of his right to plead the matter in bar.

The rule of law on which we base our decision is in the interest of the debtor and may undoubtedly be waived by him.

It was held in *Mills* v. *Garrison*, 3 Keyes, 40, that it might be waived by an agreement for that purpose. But in this case there is no ground of waiver at all, unless it is the omission to plead the pendency of the first suit in abatement. We do not see how this can waive anything except what is involved in the order of pleading ; and a neglect to plead in abatement surely waives no legitimate matter in bar. *Marble* v. *Keyes*, 9 Gray, 221.

There was error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.