Thomson, J.,
delivered the opinion of the court.
' On the 17th day of April, 1891, the plaintiff below, Alphonse Gagnon, was in the occupancy of certain premises in the city of Denver, as tenant of the defendant, Hallack, by virtue of a lease from the defendant to the plaintiff, the term *361 of which was five years from March 1, 1891. On the first named day, the plaintiff desiring larger and more convenient quarters for his business, entered into a written agreement with the defendant, the terms of which were that the defendant was to erect upon the lot, adjoining the leased premises a two story building, running back to the alley, and make of the second story a large hall, partitioned and furnished as specified. The plaintiff was to surrender to the defendant the premises he then occupied on the 1st day of May, 1891; and was to lease from the defendant the new hall when completed, for the term of five years from its completion, at a monthly rental of $200. The hall was to be completed and ready for occupancy on the first day of August, 1891; and in case the defendant should fail in its completion by that time, he agreed to pay to the plaintiff damages, at the rate of $100 per month, for the time during which the completion should be delayed. The plaintiff, in accordance with his agreement, delivered the possession of the premises then occupied by him to the defendant on the 1st day of May; but the hall was not completed until June 16, 1892. On that day plaintiff received a lease for the new premises, and entered into possession under it. In December, 1891, plaintiff commenced a suit upon the contract against the defendant, on account of his failure to complete and furnish the hall, for $100 damages for each of the months of August, September, October and November, 1891, amounting in the aggregate to $400, and recovered judgment for that sum, which was thereupon paid by the defendant. This action was brought to recover $100 per month for the remainder of the time that defendant was in default, being the months of December, 1891, and January, February, March, April and May, and the first half of June, 1892, aggregating $650. The defendant answered, setting up the proceedings and judgment in the former suit as a bar to this. Plaintiff had judgment, and the defendant appealed.
The only question in the case is raised by the answer. If the cause of action in both suits is the same, then it is, by virtue of the first judgment, res adjudieata, and this action can *362 not be maintained. Whether this is true or not, depends upon the construction to be given to the contract. If that is entire, then the plaintiff’s remedy upon it was exhausted by the former judgment. If, on the other hand, it is divisible, providing for separate liabilities of^periodic recurrence, then each obligation, as it became due, might be the subject of an independent action, although arising but of the same agreement. Kahn v. Kahn, 24 Neb. 709; Badger v. Titcomb, 15 Pick. 409; Burritt v. Belfy, 47 Conn. 323; Sutherland on Damages, 183.
By the contract in this case, the defendant agreed to pay the plaintiff at the rate of 1100 per month for the time after August 1,1891, during which the completion of the hall should be delayed. This language requires the payment of $100 for each full month, and in the same proportion for a fraction of a month. If the agreement had been for a gross sum, it would have supported but one action ; but it was not. It was for a sum certain for each separate month of delay, whether the time was long or short; and, in the absence of any agreement otherwise, that sum became due at the end of each successive month, and a proportionate part of it at the end of the half month with which the defendant’s liability expired. If plaintiff had waited until all the demands were due, he would have had but one cause of action for the whole, and would not have been permitted to apportion it, so as to bring different suits upon the different liabilities ; and, likewise, in the action brought upon a portion of the obligations, he must have included all which were then due, and could not after-wards maintain a suit upon any of the liabilities which might have been so included. Burritt v. Belfy, supra.
No such difficulty, however, is suggested. The first action seems to have been for the several sums due when it was brought, and this is for those which subsequently matured. It follows from what has been said that the two causes of action are entirely different, and that the first judgment is no bar to a recovery in this case.
The judgment is affirmed.

Affirmed.