## W. P. MALLORY v. DAWSON COTTON OIL COMPANY.

### Decided April 22, 1903.

**1.—Res Adjudicata—Plea Held Sufficient.**

Where in an action on a building contract the defendant alleged that plaintiff had theretofore brought suit against it for an amount alleged to be due him under the same contract, and recovered judgment in such suit; that the amount here sued for was recoverable in such former suit, and that plaintiff's right in this suit accrued prior to the bringing of the other action, and existed wholly by virtue of the contract, which was the basis of both suits, this was a sufficient plea of res adjudicata, although the pleadings and judgment in the former suit were not set forth therein.

**2.—Same—Indivisibility of Contract.**

It was not necessary that the plea should allege that such contract was indivisible, as this was a matter of law to be determined from the contract itself.

**3.—Same—Indivisible Contract—Order of Suits.**

Where the plaintiff brings separate actions in different courts upon parts of an entire and indivisible contract, and takes judgment in one case, his cause of action on the contract is satisfied, and the judgment may be pleaded in bar in the other action; and the order in which the suits may have been instituted is immaterial.

**4.—Same—Building Contract Held Indivisible—Extras and Changes.**

Where a contract for the building of a house provided for payment of a certain sum therefor, and also that the owner should have the right to make changes from the plans and specifications at any time, the price of material or cost of work in such case to be added to or deducted from the contract price, as the case might be, such contract was indivisible, and the contractor had not the right to maintain separate suits for the contract price and for additional compensation on account of extras, nor could he acquire such right by filing a suit in the district court to fix a mechanic's lien for the contract price on the property and omitting therefrom the cost of the extras, with suit for their price brought in justice court.

**5.—Same—Tender No Estoppel.**

That defendant had made a tender into court of a certain amount did not prevent him from afterwards pleading the judgment rendered in the other suit as a bar in that suit, after its appeal from the justice to the county court for trial de novo.

Appeal from the County Court of Navarro. Tried below before Hon. A. B. Graham.

*Callicutt & Call,* for appellant.

*Simkins & Mays,* for appellee.

JAMES, CHIEF JUSTICE.—The following contract was entered into between the parties:

"This contract entered into this the 19th day of June, 1901, by and between the Dawson Cotton Oil Company of Dawson, Texas, hereinafter styled party of the first part, and W. P. Mallory, hereinafter styled party of the second part, witnesseth: That party of the second part, for the consideration hereinafter mentioned, agrees to build for the party of the

first part at Dawson, Texas, a mill house, seed house and hull house, except-the brick work and excavation, and furnish all material for the same except the brick, lime, sand and cement, according to the plans and specifications on file with the superintendent of the party of the first part, in good and workmanlike manner, under the supervision of the said architect and within seventy-five days of this date, and should the party of the second part at any time during the progress of said work refuse to supply a sufficiency of material and workmen, then upon three days' notice being given, said party of the first part shall have power to provide material and workmen and finish said work, and the expense thereof shall be deducted from the amount of said agreement. The said party of the first part reserves the right to change any plans of the said buildings at any time, the price of material or cost of work to be added or deducted, as the case may be, occasioned by the changes. The said party of the first part agrees to pay to the party of the second part for said material and work the sum of $5631, to be paid during the progress of the work according to the estimates furnished by the said superintendent."

This action was brought on December 17, 1901, for $134.60, in the Justice Court, for the value of certain extra work and material. On January 1, 1902, defendant (appellee here) tendered and deposited in court the sum of $123.60. Judgment was in favor of plaintiff for $134.60 and interest, from which the defendant appealed. On July 21, 1902, plaintiff amended in the County Court by increasing his demand; and defendant also amended, and, among other things, pleaded res adjudicata. This plea alleged that theretofore "plaintiff had instituted suit in the District Court of Navarro County against defendant for an amount alleged to be due him under said contract, and had recovered a judgment in said cause; that the amount here sued for was not included in the District Court suit; that the liability of defendant, whatever it was under said contract, accrued to plaintiff prior to the institution of this suit and prior to the institution of said suit in the District Court; that the defendant's liability to plaintiff arose wholly and entirely by virtue of said contract and the express terms thereof, and that whatever was due by defendant to plaintiff was due upon said contract, and not otherwise, and plaintiff's present demand and that prosecuted to judgment as aforesaid, constitutes one and the same cause of action; wherefore defendant says that, having divided his cause of action and having prosecuted his District Court suit to judgment, which is now valid and subsisting, having never been appealed from, but on the contrary, settled and paid off by defendant, the said plaintiff is, by reason thereof, barred from any recovery in this case; and of this defendant prays the judgment of the court."

The County Court, after hearing the evidence, directed a verdict for the defendant; hence this appeal. This was manifestly in pursuance of the plea.

The first, second and third assignments are founded on demurrers, the substance of them being that the plea shows that the matters adjudicated in the District Court suit were not the same cause of action as this one, and failed to show that the two causes of action were in fact one inseparable cause of action; and because it appears therefrom that this suit was filed first, and the suit in the District Court was on a written contract and the price fixed by that contract, and the present suit was for the value and price of extra work outside the written contract, the price of which was not shown to have been determined by any written contract; and further because the plea did not set out and did not show how and in what manner the issues in this cause were adjudicated in the District Court case, and the allegations thereof were mere conclusions, and did not state facts.

The plea, in form, was sufficient. It stated facts sufficient. It was not necessary in such a plea to set forth the pleadings and judgment in the other case. Wilson v. Buell, 20 N. E. Rep., 231. The plea shows that the suit in the District Court was for an amount alleged to be due under the same contract, and plaintiff had obtained judgment thereon, and that what was sued for in that case had accrued prior to the filing of the present suit. This, in our opinion, was enough to constitute it a sufficient plea. The contract was alleged, which spoke for itself, and whether the causes of action were such as could be split depends primarily on the contract itself; hence this was a matter of law that need not be alleged. It matters not which suit was filed first, if the causes of action were such as could not be split, the first judgment obtained was pleadable in bar to the other action.

The sixth assignment is that the court erred in holding that the prosecution to judgment of the District Court suit for contract price on the original contract was an adjudication of this suit for the value of extra work and material done outside of the original contract plans and specifications, because this suit was filed December 1, 1901, and judgment rendered in the Justice Court on January 7, 1902, and the cause was filed on appeal in the County Court on January 18, 1902, and the suit in the District Court was not filed until February 17, 1902, a mechanic's lien having been established for only the original price, because if there was ever any splitting of the cause of action, "it was done when this suit was filed and prosecuted." We quote the last words from the assignment itself. They are obscure, but appellant's intention is made plain by the single proposition under the assignment, and to which our attention ought to be confined, as follows: "If a plea of splitting of an indivisible cause of action could have been pleaded by defendant, it could only have been pleaded in the suit last filed, and if there was ever a splitting of plaintiff's cause of action, it was when this suit was filed, and the plea should have been made in the District Court case, if the same was in fact tenable at all."

In this connection we may present the proposition under the eighth

assignment which reads: "A plea in abatement or plea that plaintiff has split up an indivisible cause of action should be promptly filed and should not be heard several terms after suit is filed."

We may also present here what is urged under the fifth assignment, which is the central question in the case, which, to use appellant's language, is: "The open account sued on in this case and the demand thereafter sued on in the District Court for balance due on a liquidated demand for a sum certain was not one and inseparable cause of action, but were two causes of action, on which plaintiff could file two suits, if he so desired, though he might have joined the same in one suit; the suit in the District Court was for balance of $855.55 due upon a written contract to construct the woodwork of an oil mill for defendant for $5631, and this suit was for an unliquidated amount claimed by plaintiff for certain extra work done and material sold by plaintiff to defendant outside of said contract, most of sums sued for being for reasonable market value of said extra work and material, no price having been agreed on."

The first of the above propositions is unsound. Our opinion is that where a plaintiff sees fit to file separate actions in different courts on parts of an entire and indivisible contract, and takes judgment in one case, his cause of action on the contract is satisfied, and the judgment may be pleaded in bar in the other actions. And the order in which the suits may have been instituted is entirely immaterial.

As to the second of these propositions. The above being true, there is nothing in the contention, at least in its bearing on this case. The judgment was not rendered in the District Court until after the case had been removed for trial de novo to the County Court,—in fact the District Court suit was not filed until after such removal. The judgment was not rendered in the latter suit until June 17, 1902, and the trial of the present cause occurred on July 26, 1902. We are not able to see how the judgment could have been pleaded before rendered. Nor can we see how any such plea could have been interposed in the District Court case, because when that case was tried no judgment had been rendered in the County Court.

Upon the last proposition we have as little doubt. A reading of the contract shows that the provision fixing the price of the work according to the plans and specifications, and the provision respecting changes in the work during its progress, went to one and the same thing, viz, the sum which plaintiff was to receive under that contract. Five thousand six hundred and thirty-one dollars was not the fixed price for the work to be done. In the event of changes, plaintiff was not to receive $5631, but less or more than that sum, depending on changes in the work. It is almost too plain to require explanation, that whether or not plaintiff was to get $5631 was dependent on the provision relative to changes in the work, if changes were made, as they were here. They were therefore not independent contracts, as contended, but together consti-

tuted a single and indivisible contract. If plaintiff was entitled to additional compensation on account of extras, the sum he was really entitled to receive under the terms of the particular contract included the value of the extras. He therefore had no right to split the cause of action. Baird v. United States, 96 U. S., 430. He could not create such a right by fixing a lien on the property for part of what he was entitled to, nor by omitting these extras from the District Court proceeding. Nor do we consider that the fact that defendant in the Justice Court made a tender would affect his right to plead res adjudicata. This occurred before the District Court suit was brought, and of course before the facts constituting the plea arose. Plaintiff could and should have abandoned the case in the Justice Court and added to his demand in the District Court this sum demanded for extras, if he saw fit to proceed to judgment on the contract in the latter court.

An exception to the rule against splitting a single cause of action is where the parties consent that it may be done. The facts shown in connection with the ninth assignment of error do not make such a case.

The cases cited by appellant are not applicable. There was no separate contract here, as in the cases of Bachler v. Hartman, 1 Pearson (Pa.), 500, and Lucas v. Heidenheimer, 3 App. Civ. Cases, sec. 360. The cases of Watson v. Railway Co., 8 Texas Civ. App., 144, 27 S. W. Rep., 924, and Railway Co. v. Perkins, 2 App. Civ. Cases, sec. 521, are not in appellant's favor when sought to be applied to this case. The same is true with reference to Railway Co. v. Edwards, 3 App. Civ. Cases, sec. 346.

The judgment is affirmed.

*Affirmed.*