PANHANDLE & S. F. RY. CO. et al. v. HARP. (No. 1273.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1917.)

1. TRIAL ☞118—ARGUMENT OF COUNSEL—STATEMENT OF LAW.

In a cattle shipping case, plaintiff's attorney in closing argument erroneously stated that the laws of the state required a railroad to run its trains on schedule time, that, in the absence of proof to the contrary, it is presumed to be the law elsewhere, it being the duty of the trial judge to inform the jury as to the law of the case, the court refusing to sustain objections to such argument and to instruct the jury not to consider it.

2. TRIAL ☞118—ARGUMENT OF COUNSEL—FAILURE TO SUSTAIN OBJECTION.

If a charge by the court, similar to an argument by counsel as to the law, would have been erroneous, it was error for the court not to sustain defendants' objections to the statement in argument.

Appeal from Hale County Court; Charles Clements, Judge.

Action by Ross Harp against the Panhandle & Santa Fé Railway Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, Madden, Trulove, Ryburn & Pipkin, of Amarillo, and L. R. Pearson, of Plainview, for appellants. Graham & Graham and Mathes & Williams, all of Plainview, for appellee.

BOYCE, J. This is a cattle shipping case, being the second appeal in the same case; the decision on former appeal being reported in 193 S. W. 438. The cattle were shipped from Plainview, Tex., to Wichita, Kan., and, after being unloaded and remaining at Wichita for about 24 hours, were reshipped to Kansas City. The suit is for damages growing out of the transportation from Wichita to Kansas City.

[1] There was testimony to the effect that the shipment did not make the usual time between Wichita and Kansas City, and the defendant introduced evidence explaining the reason of certain delays to which the shipment was subject, and under the evidence it became a question of fact for the jury as to whether the defendant exercised ordinary care to transport the shipment in a reasonable time and whether the explanation of the delays shown was sufficient under this rule of liability. Plaintiff's attorney, in his closing argument to the jury, made this statement:

"The laws of this state require a railroad to run its trains on schedule time, and, in the ab-

sence of proof to the contrary, it is presumed to be the law elsewhere."

Appellant's objection to this argument was overruled by the court. The argument was improper. G. T. & W. Ry. v. Culver, 168 S. W. 519; Colorado Canal Co. v. McFarland, 109 S. W. 440. It is the duty of the judge to inform the jury as to the law of the case. The charge of the court contains no such statement of the law. The natural effect of such statement and refusal of the court to sustain objections thereto and instruct the jury not to consider it was to impress the jury that such statement of the law was correct, and being sanctioned by the court was proper to be considered in its determination of the case. If the statement was such as it would have been proper for the court to charge the jury, it might be held to be harmless, though, even then, for obvious reasons, it would not be a correct method of having the jury informed of the law of the case and might result in detriment to the opposing side.

[2] Certainly, if such a charge by the court would have been erroneous, it was error for the court not to sustain appellant's objection to the statement. We presume that plaintiff's attorney had in mind the provisions of articles 6552 and 6543, Revised Statutes. In a cause of action based on negligent delay, even in an intrastate shipment, we do not think such a charge would be proper. T. & P. Ry. Co. v. Currie, 33 Tex. Civ. App. 277, 76 S. W. 810. Certainly not where the cause of action is for damages to an interstate shipment where the delay occurred in another state, since the liability imposed is that of the common law, as administered by the federal courts. M., K. & T. Ry. Co. v. Harriman Bros., 227 U. S. 672, 33 Sup. St. 397, 57 L. Ed. 698. We cannot, of course, say just what effect the argument had on the jury. Its tendency was to appellant's detriment; otherwise, counsel would not have insisted on the statement remaining for the consideration of the jury. There was nothing in the argument of defendant's counsel to which this was a legitimate reply. Under these circumstances, we think the case should be reversed on this assignment.

Plaintiff alleged that the cattle had been transported to Wichita, Kan., in seven cars and were negligently loaded at said place by defendant into ten cars, and that on account of the loose loading and delay said cattle were bruised and caused to become jaded and gaunt, and lost in weight. There is some evidence that this character of loading of the cattle would have a bad effect on them. The facts are not sufficiently presented in the briefs for us to determine who was responsible for the manner of the loading of the cattle, or whether this would be a question of fact for the jury. The charge of the court submits only the issue as to whether

---

the delay in transportation resulted in a loss of weight and the jaded and gaunt condition of the cattle, and requests a finding as to the amount of the loss in weight and depreciation in price on account of such condition, and we presume that, either the plaintiff abandoned his claim for any damages on account of the misloading, or the court held that the defendant was not responsible for such damages. Under these circumstances, if the court had determined to submit only the issue of damages for delay, it would have made the issues more clear to the jury if the court had specifically charged that in estimating the loss of weight and depreciation in value they should not include therein any such loss and depreciation due to the alleged misloading of the cattle. Such a charge was requested by appellant and refused by the court, and, while we do not reverse the case on this account, we make the above suggestion in view of another trial.

We have considered the other assignments of error and overrule them.

The case will be reversed and remanded for the reasons indicated.