## DAVISSON et al. v. EASTLAND COUNTY. (No. 283.)

Court of Civil Appeals of Texas. Eastland. Dec. 30, 1927.

Rehearing Denied March 2, 1928.

**1. Action ☞53(1)—Separate suits cannot be maintained as to different items making up single cause of action.**

A single cause of action cannot be split and separate suits maintained as to different items making up cause.

**2. Abatement and revival ☞4—Prior suit for same cause of action between same parties abates later suit.**

Pendency of prior suit for same cause of action between same parties in court of competent jurisdiction will abate later suit.

**3. Abatement and revival ☞9—Prior suit abates later suit, notwithstanding additional parties defendant whose liability is secondary to that of party to prior suit.**

That there were additional parties defendant in later suit is not ground for overruling plea in abatement for pendency of prior suit on same cause of action, where liability of additional parties is secondary to and derivative from that of party to prior suit.

**4. Appeal and error ☞843(4)—Conclusion that court erred in overruling plea in abatement pretermits discussion of plea in bar.**

Appellate court's conclusion that trial court erred in overruling plea in abatement pretermits discussion of plea in bar, which does not arise and may not arise on another trial.

**5. Abatement and revival ☞16—Prior judgment from which appeal is pending at time of second suit is not final.**

Judgment from which appeal was pending at time of second suit for same cause of action was not final.

**6. Appeal and error ☞843(2)—Whether breach of contract as to items involved in second suit was unknown to plaintiff at time of instituting former suit cannot be considered, where not involved in hearing on plea in abatement nor supported by evidence.**

Whether full extent of alleged breach of contract as to items involved in second suit was unknown to plaintiff at time of instituting former suit cannot be considered on appeal, where it was not involved in hearing on plea in abatement before trial court, and no evidence was offered that it was not known.

**7. Trial ☞352(1)—Issues as to whether commissioners' court acted for county's best interest and for what they believed was its best interest held insufficient to present issue of fraud.**

Issues submitted as to whether county commissioners' court acted for best interest of county and in good faith when they passed certain order, and whether they acted for what they believed to be best interest of county and

in good faith in passing such order, *held* insufficient to present issue of fraud.

**8. Highways** ☜113(4)—**Commissioners' court's order accepting roads, discharging contractor, and directing delivery of bonds to him held conclusive, unless clearly fraudulent (Const. art. 5, § 18; Rev. St. 1925, art. 2351, § 10).**

Orders of county commissioners' court accepting roads, discharging contractor and his bondsmen, showing complete settlement on certain estimates made by county engineer and allowed by such court, and directing county judge to deliver road bonds to contractor, being passed by court of competent jurisdiction having jurisdiction of subject-matter, under Const. art. 5, § 18, and Rev. St. 1925, art. 2351, § 10, were conclusive, unless vitiated by fraud clearly pleaded and proved.

**9. Counties** ☜57—**Commissioners' court's orders within its jurisdiction cannot be attacked on appeal or in suit by county, in absence of fraud (Const. art. 5, § 8).**

While Const. art. 5, § 8, gives district court appellate jurisdiction over commissioners' courts, latter's orders within their jurisdiction, as in accepting public roads, discharging contractor, and directing delivery of road bonds to him, are not subject to attack, whether on appeal or in suit by county for sums not accounted for and contractor's breaches of contract.

**10. Highways** ☜113(4)—**Fraud in commissioners' court's orders accepting roads, discharging contractor, and directing delivery of bonds to him held for jury.**

Fraud in orders of county commissioners' court accepting public roads, discharging contractor, allowing engineer's estimates, and directing county judge to deliver road bonds to contractor *held* for jury, in county's action for sums not accounted for in settlement with contractor and latter's breaches of contract for construction of roads and purchase of bonds.

**11. Trial** ☜133(1)—**Refusal to instruct jury not to consider counsel's erroneous statement in argument as to court's instruction and finding held error.**

In county's action for sums not accounted for in settlement with road contractor and for latter's breaches of contract for construction of roads and purchase of bonds, court's refusal to instruct jury not to consider erroneous statement of plaintiff's counsel in closing argument that court had instructed them that contractor broke contract and found that defendants were guilty of fraud *held* error.

**12. Pleading** ☜290(3)—**Allegation, not denied under oath, that defendants were partners in fraudulent undertaking held not to be taken as true.**

In county's suit against road contractor and county judge for sums unaccounted for in settlement with contractor and latter's breaches of contract for construction of roads and purchase of bonds, plaintiff's allegation of partnership between defendants in fraudulent undertaking and profits arising from alleged spoils should not be taken as true because not denied by defendants under oath; purpose of suit not being to hold them liable as partners.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Eastland County against G. A. Davisson and others. From a judgment against defendants Davisson and others, they appeal. Reversed and remanded.

See, also, 298 S. W. 268.

Conner & McRae, of Eastland, and Black & Graves, of Austin, for appellants.

Ed S. Pritchard, of Eastland, W. J. Barnes, of Houston, and J. Frank Sparks, Littler & Jones, and Grisham Bros., all of Eastland, for appellee.

COOMBES, Special Chief Justice. Eastland county sued and recovered judgment against G. A. Davisson, road contractor, and C. R. Starnes, county judge, jointly and severally, for the sum of $388,575.50, and against Joe Burkett and Sam D. Young, jointly and severally with said C. R. Starnes on his official bond as such county judge, for $5,000, and in favor of Eastland county against all said parties for costs; from which judgment Davisson, Starnes, Burkett, and Young prosecuted this appeal. The judgment also declared void and canceled certain orders of the commissioners' court of Eastland county. Certain members of the commissioners' court and their bondsmen were also sued, but judgment resulted in their favor.

The suit was predicated on certain items paid out by Eastland county for the account of the contractor alleged not to have been taken into account in the settlement between the county and the contractor, and for certain alleged breaches of an original and supplemental contract between the county and the original contractors for the construction of a system of good roads in Eastland county and the purchase by the contractors at par and accrued interest of Eastland county's road bond issue, amounting to $4,320,-000, which contract of purchase it was alleged was breached to the extent of the items sued for, and an item of $36,388.40, allowed by the commissioners' court as a credit for "Matters of Bond Sales, Legal, etc." The contracts were dated the 9th and 15th days of June, 1920, and were between the county and the Fleming-Stitzer Road-Building Company, a partnership composed of certain parties and said G. A. Davisson, and which contracts were on July 5, 1921, taken over by Davisson with the consent of the commissioners' court.

The cause was tried by jury, and, on answers to special issues submitted, judgment was rendered as above indicated.

Seasonably and in due form, Davisson filed and presented his pleas in abatement and in bar of plaintiff's suit, which the trial court heard and overruled. The first question presented for review is whether the action

of the court in overruling said pleas was error.

It appears from the pleadings and evidence that on the 12th day of December, 1923, Eastland county brought suit in the district court, Ninety-First district, Eastland county, styled Eastland County v. Fleming-Stitzer Road-Building Company, No. 10577, in which G. A. Davisson was the principal defendant and made primarily liable and all other parties sued were made secondarily liable therein, which, on motion for change of venue, was transferred to the district court of Stephens county, Nintieth district, and was thereafter tried in said latter court on the 9th day of January, 1926, resulting in a judgment for defendants, and plaintiff appealed, said trial being had upon plaintiff's second amended original petition, filed January 22, 1925. The present suit was filed April 17, 1925, in the Eighty-Eighth district court of Eastland county, and went to trial on plaintiff's first amended original petition filed May 7, 1926. The trial began on May 10, 1926, on the plea in abatement, and the jury returned its verdict on the merits on the 28th day of May, 1926, and the judgment itself was rendered on the 4th day of June, 1926, in favor of plaintiff for an aggregate total of $388,575.50 against G. A. Davisson and C. R. Starnes, jointly and severally, and against Joe Burkett and Sam D. Young, sureties on the official bond of C. R. Starnes for $5,000.

· In both suits it is alleged that plaintiff on the 9th and 15th days of June, 1920, entered into an original and supplemental contract with Fleming-Stitzer Road-Building Company, by which the latter agreed to buy and pay for in cash, at par and accrued interest, $4,200,000 of Eastland county's road bonds, and to construct a system of public roads in Eastland county, according to the terms of said contract and certain plans and specifications on file with the county engineer of Eastland county.

In each suit it was alleged that defendants breached said contract and failed to pay par and accrued interest for said bonds.

In the former suit it was alleged, in the original petition, defendants had failed to pay Eastland county in full for said bonds to the extent of $64,100, and had failed to the extent of $36,388.49 to· pay par for 495 of said road bonds of the par value of $1,-000 each, and further sought to recover $11,-500 alleged to have been paid the contractors for railroad siding, when none had been built. By its second amended original petition, on which it went to trial, all of the items were eliminated except the item of $64,100.

In the present suit recovery was had for the same item of $36,388.49, sought to be recovered by the original petition in the former suit. In the instant suit different elements or items of damages are alleged, but

these are recoverable, if recoverable, because some provision of said contract, alleged in both suits to be one complete contract, was breached. Three of the items recovered in the instant case, one for $13,049.50, one for $14,000, and one for $36,388.49, involved the alleged failure of Eastland county to receive credit for said items in the settlement of the contractors' account with resulting breach in each instance of the contractors' obligation to pay full value for the bonds which he agreed to purchase. The other items of damage complained of in the instant case concerned the alleged failure of the contractor to perform the obligations of said contract in respect to the manner of constructing the roads in question and ·the character of material to be used and work to be done. The action of the court in overruling said pleas in abatement and in bar is assailed by various assignments of error and propositions laid thereunder, setting up the contention that all the elements of damage pleaded in the two suits accrued as the result of the breach of · the same contract, and accrued prior to the filing of the former suit, and that all' of said elements of damage constituted a single cause of action which appellee was not entitled to split and prosecute separately by separate suits, and this contention was pleaded in bar as well as in abatement of the instant suit, and that the court erred in rendering judgment awarding any recovery to Eastland county in the instant suit.

In the instant suit it is alleged:

"That on the 9th and 15th days of June, 1920, plaintiff entered into an original contract and a supplemental contract, constituting one whole contract ˏwith Fleming-Stitzer Road-Building Company, a partnership composed of W. R. Fleming, Frank E. Stitzer, Saunders Gregg, and G. A. Davisson, whereby the said Road-Building Company agreed to construct a system of roads or public highways for Eastland county, and to purchase plaintiff's bond issue and pay therefor the par of said bonds amounting in the principal sum of about $4,320,000."

In appellee's petition on which trial was had in the district court of Stephens county, the terms of the original contract dated June 9, 1920, between Eastland county and Fleming-Stitzer Road-Building Company, a copartnership composed of G. A. Davisson, Saunders Gregg, W. R. Fleming, and Frank E. Stitzer, was alleged to be "to construct a system of public roads in Eastland county" and "to accept for all work and material performed and furnished in the construction of said roads the bonds which Eastland county had been authorized to issue in payment therefor, Eastland county to receive the full par value of said bonds, together with all accrued interest thereon." The terms of the supplemental contract of date June 15, 1920, were alleged therein to be "to buy and pay for in cash, at par value and accrued inter-

est, the $4,320,000 of good road bonds which Eastland county was authorized to issue for road construction." It was then alleged:

"That said original contract and supplemental contract, hereinbefore referred to as Exhibits A and B, respectively, constitute one complete agreement between said parties with reference to the construction of a system of good roads in Eastland county, Tex."

A careful reading of the contracts in question, we think, sustains the interpretation placed thereon by the appellee that there was, in fact, but one contract between the parties. In other words, it was the intention of the parties that the aggregate of all the road improvement work as called for in said contract be done and performed by the contractor, that the contractor would be paid for the work so done as provided in the contract, that the contractor would buy and pay Eastland county par and accrued interest for Eastland county's road bonds in the manner therein set out, and that full and complete performance by both parties of the entire contract was contemplated.

In both the former and instant suit, recovery was sought for the value of the Eastland county bonds alleged to have been delivered to the appellant Davisson, in a purported settlement for sums due by Eastland county under the contract, and for which, in each instance it was alleged that Eastland county did not receive full value. Failure on the part of Davisson to pay par value and accrued interest for the Eastland county road bonds according to his contract was attributable to the matters set up in the Stephens county suit and the various items and defaults set out in plaintiff's petition in the instant case, all of which had occurred prior to the institution of either suit. Each suit involves the primary question as to whether or not the appellant breached his contract to pay Eastland county par value and accrued interest for the bonds he contracted to buy.

The question to be determined is whether, where several breaches of one entire contract have occurred prior to filing suit, all the alleged breaches become merged in one indivisible cause of action, or can each default be treated as a separate cause of action and separate suits for recovery thereon be maintained.

In 1 Corpus Juris, page 1112, it is said:

"The decided weight of authority is to the effect that, if an action is not brought until more than one breach of the same contract, or until more than one claim or installment is due thereunder, all such breaches or claims or installments constitute but one cause of action and must be included in one action, the theory being that while the different breaches or installments give rise to separate causes of action as they occur or become due, yet all which occur or become due before action is brought are merged or consolidated into a single cause of action."

6 S.W.(2d)—50

In Cohen v. Clark, 44 Mont. 151, 119 P. 775, the rule is thus stated:

"It is an elementary rule of law that: 'Where several claims, payable at different times, arise out of the same contract, suit may be brought as each liability accrues; but if suit is not brought until more than one has become due, all must be sued for under one action.'"

In Whitaker v. Hawley, 30 Kan. 317, 1 P. 508, it is held:

"At each successive breach of a contract the cause of action on such contract will be enlarged, and no new cause of action will be created. The * * * courts generally construe all existing breaches of a single contract as constituting in the aggregate only one general breach of one general contract, one comprehensive infringement of one comprehensive primary right."

For cases to the same effect see Hallack v. Gagnon, 4 Colo. App. 360, 36 P. 70; Williams-Abbott Electric Co. v. Model Electric Co., 134 Iowa, 665, 112 N. W. 181, 13 L. R. A. (N. S.) 529; Burritt v. Belfy, 47 Conn. 323, 36 Am. Rep. 79; Baird v. United States, 96 U. S. 430, 24 L. Ed. 703.

[1] That a single cause of action cannot be split and suits maintained as to different items going to make up the cause of action appears to be well established by weight of authority as well as reason. Wellington Railroad Committee et al. v. Crawford et al. (Tex. Com. App.) 216 S. W. 151; Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S. W. 100; Mallory v. Dawson Oil Co., 32 Tex. Civ. App. 294, 74 S. W. 953; Craig v. Broocks, 60 Tex. Civ. App. 83, 127 S. W. 572.

[2] Some confusion appears to have existed in the early decisions as to whether a prior suit pending between the same parties involving the same cause of action, when properly interposed by a plea, will abate a subsequent suit. But whatever confusion that previously existed, we think eliminated by the later cases, especially by the holding in the case of Benson v. Fulmore (Tex. Com. App.) 269 S. W. 72, in a well-considered opinion by Judge Chapman, wherein it is stated:

"The present trend of authorities seems to be to give a liberal construction to a plea of another suit pending affecting the same parties and subject-matter to the end that the court in which the cause is first filed shall try it" (citing with approval the general statement in 1 Cyc. page 21).

"It is a general principle of the law that the pendency of a prior suit for the same thing, or as is commonly said, for the same cause of action, between the same parties in a court of competent jurisdiction, will abate a later suit."

In the recent case of Long v. Long (Tex. Civ. App.) 269 S. W. 207, we find the statement:

"The weight of authority, however, and the better view, we think, is in harmony with the common-law doctrine.

"It ought to be manifest that, in order to maintain an orderly procedure, and the spirt

of comity that should at all times exist between tribunals of equal jurisdiction, when a suit has been commenced in one court, and thereafter one of the litigants institutes a suit against his adversary in another court of equal jurisdiction involving the same subject-matter, the latter should sustain a plea in abatement when timely and properly presented for consideration."

[3] It is contended that the plea in abatement was properly overruled for the reason that there were additional parties defendant in the latter case filed in Eastland county. The adjudicated cases, however, appear to hold the contrary. Plaintiff's petition, we think, clearly discloses that the liability, if any, of the additional parties is secondary to, and derivative through, the liability of the appellee Davisson for breach of the contract involved. Such being true, we think the holding by the Court of Civil Appeals in the case of Sonnentheil v. Moody et al., 56 S. W. 1001, and in the case of McFaddin, Wiess & Kyle Land Co. et al. v. Texas Rice Land Co., 253 S. W. 916, and cases there cited apply.

[4-6] Applying the principles announced by the authorities above quoted, the conclusion is reached that the trial court erred in overruling the plea in abatement. This conclusion pretermits a discussion of the plea in bar since, if the court erred in not sustaining the plea in abatement, the plea in bar does not arise and may not arise upon another trial. Besides, an appeal was had from the judgment in the former suit, and it was therefore not final. It was suggested in oral argument that at the time of the institution of the former suit the full extent of the alleged breach of the contract covering the items involved in the instant suit was not known to appellee. This feature seems not to have been involved in the hearing on the plea in abatement before the trial court, and no evidence seems to have been offered that it was not known, and hence the point is not before us for consideration.

The conclusions reached with reference to the plea in abatement require a reversal of the case. Instead of dismissing the suit, we think the cause should be remanded so as to accord the plaintiff below the privilege of adopting such procedure for its protection and the adjudication of its rights as seems expedient and proper and not inconsistent with the principles here announced.

On the merits of the case, certain questions arise which may arise on another trial requiring review by this court.

[7] An order, referred to as No. 37, was entered by the commissioners' court of Eastland county on December 29, 1922, finding and adjudicating that the contract between the county and the contractor had been fully performed, and that the public roads had been constructed in accordance with the terms of said contract and the plans and specifications, and that the same should be and were accepted as a full and complete compliance with said contract, with certain exceptions not here relevant, and further finding and adjudging that the contractor and his bondsmen should be relieved and discharged from further liability. Another order was entered by the said court in January, 1922, referred to as No. 3, showing a complete settlement and certain estimates made by the county's civil engineer during the months of July, August, September, October, November, and December, 1921, and duly allowed by said court and directing C. R. Starnes, county judge, to deliver 495 Eastland county road bonds of the denomination of $1,000 each, to the contractor at par and accrued interest, and directing the county auditor and the auditor of the highway department of Eastland county to charge the contractor therewith. Plaintiff below alleged that order No. 3 was void because violative of the Constitution and laws of the state and also vitiated by fraud. Order No. 37 was pleaded by the defendants. Plaintiff below also sought to prove that order No. 37 was vitiated by fraud. The issues submitted by the court as to order No. 36 were as follows:

"Was the commissioners' court of Eastland county acting for the best interest of Eastland county and in good faith when they passed order No. 37, in evidence before you?"

And:

"Was the commissioners' court of Eastland county acting for what they believed to be for the best interest of Eastland county and in good faith when they passed order No. 37, in evidence before you?"

The jury answered the first question in the negative, and the other in the affirmative.

If it may be said that these two findings are not in conflict, then no fraud is affirmed by said findings. In either event the issue of fraud is not determined.

Two questions were presented in the first issue: (a) Whether or not the best interests of Eastland county were served; and (b) whether or not the court acted in good faith in passing the order. The good faith of the commissioners' court in passing said order was also presented in the second question.

If the two findings be construed together, it would appear that the jury found the commissioners' court were not acting for the best interest of Eastland county, but believed that they were doing so. If the jury found in answer to the first question that the court was not acting for the best interest of Eastland county and were not acting in good faith, then this finding is in conflict with the finding in answer to the second question that such court believed they were acting for the best interest of said county and in good faith. From the manner in which the issues were framed, it is difficult, if not impossible, to determine what the jury was directed to find and what they did find with reference to

the good faith of the commissioners' court of Eastland county in passing said order.

[8] Article 5, § 18, of our Constitution, provides that the commissioners' court—

"* * * shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the state, or as may be hereafter prescribed."

Section 10, art. 2351, R. S. 1925, prescribing certain powers and duties of the commissioners' court, is as follows:

"Audit and settle all accounts against the county and direct their payment."

From the foregoing, the commissioners' court of Eastland county was exercising a power conferred upon it by law when it audited the accounts between the county and the contractor and passed the orders in question. As the orders were passed by a court of competent jurisdiction, which had jurisdiction of the subject-matter, they were conclusive unless vitiated by fraud clearly pleaded and proved.

[9] While it is true that article 5, § 8, of our Constitution, gives the district court appellate jurisdiction over commissioners' courts, this suit is not in the nature of an appeal, and it seems there has been no legislation making provision for the exercise of such jurisdiction as to matters like as involved in this suit. The orders of the commissioners' court, unless the court is without jurisdiction of the subject-matter, are not subject to attack in the absence of fraud. Polk v. Roebuck (Tex. Civ. App.) 184 S. W. 513; Callaghan v. Salliway, 5 Tex. Civ. App. 239, 23 S. W. 837; Jeff Davis County v. Davis (Tex. Civ. App.) 192 S. W. 291; Bradford v. Moseley (Tex. Com. App.) 223 S. W. 171; Cannon v. McComb (Tex. Civ. App.) 268 S. W. 999.

[10] It becomes unnecessary to pass upon the sufficiency of the evidence to establish fraud because that issue was for the determination of the jury, and the jury, in our opinion, were not so directed by the issues submitted as that they could decide the point. Upon another trial the issue should be so framed as that the jury will be required to definitely determine if said order was fraudulently passed.

[11] Error is also assigned to the remarks of counsel for plaintiff below in the closing argument before the jury. The bill of exceptions to said argument shows that while counsel for plaintiff was making the closing argument and had before him the court's charge, he stated to the jury:

"That the court had instructed them that the Fleming-Stitzer Road-Building Company had breached their contract with the county, and that the court had found that the defendants were guilty of fraud."

The record further shows that, at the time of making the statement shown in the bill of exceptions, counsel for appellant objected and requested the court to instruct the jury not to consider same, which the court declined to do. The court below in approving the bill added the qualification and explanation that counsel was reading from the written charge as given by the court and drew his own conclusions from it, and the court did not give any oral charge. We fail to find any language in the charge of the court warranting the statement quoted. The court should have instructed the jury to disregard the statement whether requested to do so or not. We think the rules governing matters of this nature have been sufficiently discussed and defined in the decisions, and as this or similar error will likely not occur on another trial, we deem it unnecessary to enter into further discussion of this assignment. See Panhandle, etc., Railway Co. v. Harp (Tex. Civ. App.) 199 S. W. 502; Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Davis v. Hill (Tex. Com. App.) 298 S. W. 529; Security Union Ins. Co. v. Alsop (Tex. Civ. App.) 1 S. W. (2d) 921.

[12] In view of another trial, it may be proper to add that the allegation of the plaintiff that Davisson and Starnes were partners in the fraudulent conduct set out in the petition, should not be taken as true, because not denied by defendants under oath. This is not a suit seeking to hold the defendants Davisson and Starnes liable as partners where denial by them under oath of such relation would have to be made or be taken as confessed. But the allegation of partnership is made as one of the elements of fraud charged against them, that is, that the said Starnes in violation of his trust as county judge was in partnership with Davisson in the fraudulent undertaking and the profits arising from the alleged spoils, and hence the general denial pleaded by the defendants put in issue all the allegations of fraud, and said defendants were not required to deny the same under oath. Rushing v. Spreen (Tex. Civ. App.) 142 S. W. 49.

In view of the disposition we have made of the foregoing questions, it becomes unnecessary to pass upon the remaining assignments of error and propositions urged by appellants, or the cross-assignments urged by the appellee.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Appellants and appellee, respectively, have filed motions for rehearing. Among other matters, the appellee assails the holding of the court with reference to order No. 37, and, apparently is under the impression that, by what was said in the original opinion, the court was passing upon the particular items involved or before the commissioners' court when that order was entered. The discussion

did not reach that point. In the original opinion the conclusion was reached that the court below erred in overruling the plea in abatement. This necessitated a reversal of the case. Having so concluded, this court did not go into the discussion of any other propositions involved than certain matters of procedure which might arise on another trial.

The motion of appellants and that of appellee are overruled.