## D. & L. PRODUCTION CO. v. CUNIFF.

### No. 4030.

Court of Civil Appeals of Texas. Beaumont.

Oct. 28, 1942.

Rehearing Denied Nov. 25, 1942.

Andrews, Kelley, Kurth & Campbell and Homer Mabry, all of Houston, for appellant.

J. R. McDougald, of Beaumont, and Chas. B. Walker, of Houston, for appellee.

COMBS, Justice.

This is an appeal from an order overruling a plea of privilege.

The appellee as plaintiff sued the appellant as defendant for overtime compensation, liquidated damages and attorney's fees, alleged to be recoverable by him under Title 29 U.S.C.A. §§ 201 to 216, inclusive.

By pleading and proof, plaintiff established that he worked 30 to 42 hours per week over and above the 42 hours per week prescribed by the Fair Labor Standards Act above cited, between December 17, 1939, and January 27, 1940. He was employed by defendant as an oil well driller under a contract of $12 per day of 12 hours. Most of the time involved here he worked 7 days, or 84 hours, per week. He contends, therefore, that his wage was $1 per hour and that he is entitled to time and a half, or $1.50 per hour for all the

time he worked in excess of the 42 hours per week fixed by the Act, as of the time the work was performed.

Appellee seeks to maintain venue in Hardin County under subdivision 23, Art. 1995, Vernon's Ann.Civ.Stats. Appellant contends that venue cannot be so maintained because no cause of action arose in Hardin County, and in fact that appellee alleged and proved no cause of action at all.

As above stated, appellee was employed as an oil well driller. He worked on a well being drilled by appellant in Hardin County. His contract of employment was performable in that county; his labor was performed there, and his wages were payable there. The contention that appellee has no cause of action at all is based on the fact that he has been paid in full the $12 per day for which he contracted. And since his wage of $1 per hour was far above the minimum prescribed by the Fair Labor Standards Act it is contended that he is not entitled to overtime pay. In other words, he contracted to work longer hours than the maximum at a wage far in excess of the minimum prescribed by the Act and was paid in full the amount due him under the contract. The point is not well taken. The Act, 29 U.S.C.A. § 207, requires the employee to be compensated for overtime at the rate of one and one-half times the regular rate at which he is employed. The fact that his rate of pay is above the minimum is immaterial in determining the employee's right to overtime compensation. St. John v. Brown, D.C., 38 F.Supp. 385; Muldowney v. Seaberg Elevator Co., D.C., 39 F.Supp. 275; Sunshine Mining Co. v. Carver, D.C., 41 F.Supp. 60; Bumpus v. Continental Baking Co., 6 Cir., 124 F.2d 549, 140 A.L.R. 1258.

The Fair Labor Standards Act is both a minimum wage law and a maximum hour law. It is obviously intended to promote not merely better wage standards but also a shorter work week, by requiring payment of extra compensation for all time worked over and above the maximum hours per week therein prescribed.

It is not material that appellee contracted to work twelve hours per day, seven days per week for $12 per day. The employee cannot contract away his right to overtime pay. The obligation of the employer to pay the extra compensation for overtime arises by operation of the statute and not by contract. The objects sought by the Act are matters of public policy. Its provisions cannot be circumvented by a contract between employer and employee.

Appellant also urges a plea of res adjudicata. But since this plea may involve certain matters of fact not fully developed on the hearing, we do not decide the question further than to say that on the record before us the trial court did not err in refusing to sustain it and in overruling the plea of privilege.

The judgment of the trial court is affirmed.

WALKER, C. J., not sitting.