## D. & L. PRODUCTION CO. v. CUNIFF.

### No. 2444.

Court of Civil Appeals of Texas. Eastland.

April 14, 1944.

Rehearing Denied May 12, 1944.

See, also, 165 S.W.2d 933.

Andrews, Kelley, Kurth & Campbell, of Houston, for appellant.

Chas. B. Walker and J. R. McDougald, both of Beaumont, for appellee.

GRISSOM, Justice.

On May 5, 1941, I. L. Cuniff filed a suit in the county court of Hardin County against D. & L. Production Company to recover the unpaid balance due him for wages as an oil well driller. Cuniff alleged that he was employed and worked for said defendant as a driller from December 7, 1939, to January 29, 1940, inclusive; that defendant agreed to pay him $1 per hour for such labor. His petition in said cause, number 943, showed that plaintiff worked every day during said period for twelve hours per day, and seven days per week, except Christmas Day, 1939. Plaintiff alleged in substance that he had been paid one-fourth of his wages; that he had made demand for payment of the remaining three-fourths more than thirty days before filing his petition in cause 943; that by reason of defendant's failure to pay the balance of wages owing to him, to wit, $387, plaintiff was entitled to recover, in addition to the balance of his wages, $20 as attorney's fee, which was alleged to be reasonable for the services rendered by his attorney. Plaintiff obtained judgment in cause number 943 for the sums sued for. This judgment became final and was collected.

Thereafter, on December 16, 1941, I. L. Cuniff, the same plaintiff, instituted the present suit, number 950, against the same defendant and in the same court. In this case plaintiff sought and obtained recovery for $120 overtime, $120 liquidated damages and $120 attorney's fee under the Fair Labor Standards Act, 29 U.S.C.A. §§ 207 to 216, inclusive, and the defendant has appealed. It is undisputed that if plaintiff is entitled to recover the overtime, liquidated damages and attorney's fee, recovered in this case, at the time he instituted cause number 943 he was then entitled to recover for the same things. Although no mention was made in the plaintiff's pleading in cause number 943 of a forty-two hour work-week, his pleadings in said first cause show the violation of the maximum hours provision, 29 U.S.C.A. § 207, which is the basis of plaintiff's recovery in cause number 950, now on appeal to this court.

Among other defenses, the defendant pleaded res adjudicata and estoppel by judgment. Section 207, supra, provides

that no employer shall employ any of his employees for a work week longer than 42 hours, unless such employee receives compensation for all hours above 42 per week at a rate of not less than one and one-half times at the regular rate at which he is employed. Section 216 provides that an employer who violates section 207 shall be liable to the employee in the amount of his unpaid overtime compensation, and in addition for an equal amount as liquidated damages and for a reasonable attorney's fee.

Since everything that was due plaintiff when he filed the instant suit, number 950, was due to him by defendant when he filed cause number 943, the question presented, simply stated, is whether plaintiff was compelled in the first case to seek recovery of his overtime pay, liquidated damages and attorney's fee in the same suit in which he sought to recover the unpaid balance of his regular wages, due him under his agreement to work twelve hours a day at $1 per hour, or else be barred from prosecution of the second suit. We are of the opinion that the aforesaid statutes became a part of plaintiff's contract of employment, asserted by him in cause number 943. That he was required in a suit· for 'his unpaid wages to include his overtime pay along with that due him under his express contract. That to permit one suit for his "regular" time and another for overtime for the same work would be to permit plaintiff to split a single cause of action into two different suits.

In Sovereign Camp, W. O. W., v. Helm, Tex.Civ.App., 94 S.W.2d 521, writ refused, it was held that plaintiff could not recover on an insurance policy and thereafter maintain a second suit for the statutory 12 per cent penalty and attorney's fee, where the claim for the statutory penalty and attorney's fee could have been included in the first suit. In Dallas Trust & Savings Bank v. Brashear, Tex.Com. App., 65 S.W.2d 288, it was held that when the' maker of a note was sued thereon and judgment rendered for interest on a usurious loan, the maker, not having pleaded usury as a defense to the first action, could not thereafter maintain a suit for double the amount of the usurious interest paid. In Eastland County v. Davisson, Tex. Com.App., 13 S.W.2d 673, it was held that where several defaults have occurred under one contract that all claims arising under said contract constitute an indivis-

ible cause of action; that a party bringing suit for its breach must include therein all defaults which have occurred at the time of the commencement of the suit. See also 1 C.J.S., Actions, § 68, p. 1195; 26 Tex.Jur. 144; D. & L. Production Co. v. Cuniff, Tex.CivApp., 165 S.W.2d 933; Overnight Motor Transp. Co., ·Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L. Ed. 1682; Loggins v. Steel Const. Co., 5 Cir., 129 F.2d 118; Mallory v. Dawson Cotton Oil Co., 32 Tex.Civ.App., 294, 74 S. W. 953.

We conclude that defendant's plea of res adjudicata should have been sustained. The judgment is reversed and judgment is rendered for appellant.